Potts v. Tuttle.

---

POTTS v. TUTTLE *et al.*

Mandamus: RIGHT TO EXPIRED TERM OF OFFICE. A peremptory writ of *mandamus* will not issue to compel a canvassing board to reassemble and canvass the return of votes for an office, and to declare the candidate who received a majority of the votes cast therefor to be elected thereto, after the expiration of the term for which he was elected; because the writ, if issued, could have no practical effect. (Compare *State v. Porter*, 58 Iowa, 19, and *Railway Co. v. Dey*, 76 Iowa, 278.)

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, FEBRUARY 1, 1890.

ACTION of *mandamus*. A demurrer to the petition was sustained, and plaintiff appeals.

*Morgan & Evans*, for appellant.

*C. P. Holmes*, for appellees.

ROBINSON, J.—The petition alleges that on the date of the general election of the year 1888 the plaintiff was a resident of Saylor township, in Polk county, and was a candidate for the office of constable to fill a vacancy, that he was eligible to said office, and received therefor fifteen votes, which was a majority of all the votes cast for said office; that the judges of said election made due return of said votes, as required by law; that defendants were members of the board of supervisors of Polk county, and met at Des Moines for the purpose of canvassing the returns of said election, but refused to canvass the votes cast for plaintiff for said office, and refused to declare him elected thereto; that plaintiff demanded of said board that they canvass the votes cast for him as aforesaid, and declare him elected to said office, but that defendants refused to do so, whereby plaintiff sustained damages in the sum of five hundred dollars; that plaintiff is personally interested in the matter. Plaintiff asks that a peremptory writ of *mandamus* issue to compel defendants to reassemble as a canvassing board, and canvass the votes cast for plaintiff, and declare him duly elected to said office, and to certify accordingly. The grounds of the demurrer are stated as follows: "(1) Said petition shows that the term of office to which plaintiff claims to have been elected expired on the first Monday of January, 1889, while this action was not returnable until the Tuesday thereafter, and the writ of *mandamus* will not issue where the issuance will be unavailing. (2) Said petition shows that the term of office to which plaintiff claims to have been elected in November, 1888, expired before the writ could have been issued, and the writ of *mandamus* will not issue to place a party in an office after the expiration of the term to which he was elected."

The term of office to which plaintiff claims to have been elected on the sixth day of November, 1888, would have ended in the usual course of events on the seventh day of the next January. No fact is shown which would have entitled him to remain in office after the

Potts v. Tuttle.

last-named date. It does not appear that any one was declared elected to fill the vacancy. The demurrer was filed on the twenty-second day of January, 1889, and was sustained on the ninth day of the next month. The question presented by the record for our determination is whether a peremptory writ of *mandamus* will issue to compel a canvassing board to reassemble and canvass the return of votes for an office, and to declare the candidate who received a majority of the votes cast therefor to be elected thereto, after the expiration of the term for which he was elected. We are of the opinion that where there is no right shown to relief, which cannot be granted in the ordinary course of the law, the answer must be in the negative. While it is not shown that plaintiff would be entitled to relief in an ordinary proceeding at law, it does not appear that the relief he demands in this action would result in any substantial benefit. It would not give him the office to which he claims title, for the reason that the term is ended. It would not give him any of the emoluments of the office. We said in *Chicago, R. I. & P. Ry. Co. v. Dey*, 76 Iowa, 278, that we would not settle questions which were involved in rights no longer existing. In *State v. Porter*, 58 Iowa, 19, this court said it would not determine mere abstract questions, and affirmed the order of the lower court, dismissing an action of *quo warranto* because the term of office in controversy had expired, and neither party had anything but costs to gain or lose by further litigation. In this case it appears that the writ demanded would have no practical effect. Therefore it should not be issued. In further support of the conclusions we have reached, see Moses Mand. 88; Wood, Mand. 18; *Gormley v. Day*, 114 Ill. 185; *Woodbury v. Commissioners*, 40 Me. 306; *Williams v. Commissioners*, 35 Me. 346; *People v. Tremain*, 17 How. Pr. 142; *People v. Supervisors*, 15 Barb. 617. The judgment of the district court is

AFFIRMED.