THE PEOPLE *ex rel.* John Dobson *et al.*

*v.*

CHRISTIAN C. KOHLSAAT, Probate Judge.

168    37
d189  ¹340

*Opinion filed November 1, 1897.*

1. RES JUDICATA—*order of probate court approving executor's final report cannot be collaterally attacked.* An order of the probate court overruling exceptions to an executor's final report, and approving the same, is an adjudication of all matters included in the exceptions, and cannot be collaterally attacked.

2. MANDAMUS—*writ should not be awarded in doubtful cases.* The writ of *mandamus* should not be awarded unless the right of the relator is clear and the party sought to be coerced is bound to act.

3. SAME—*when writ will not be awarded.* *Mandamus* will not be awarded to compel a probate judge to grant an appeal from his order refusing to allow the relators to file a petition for an accounting against an executor, where the identical matters involved in the petition had been adjudicated in the same court between the same parties, and an appeal taken from that proceeding by the relators, which was dismissed for their failure to have their appeal bond approved.

*People* v. *Kohlsaat,* 66 Ill. App. 505, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The relators filed a petition for *mandamus* against appellee, to compel him, as judge of the probate court of Cook county, to allow an appeal from an order entered by him, as such judge, in a certain matter in the estate of William Hughes, deceased, and fix the amount of the appeal bond. The respondent filed an answer, in which he states that prior to August 5, 1891, the estate of William Hughes was declared insolvent by the probate court, and the executrix presented her account showing receipts and disbursements. On said August 5, 1891, the relators and other creditors filed exceptions thereto, which were overruled and the account approved. The creditors, in-

cluding relators, prayed an appeal to the circuit court, and relators and others filed an appeal bond on August 5, 1891, but the same was never presented to the judge of the court and was never approved, and subsequently they filed a transcript of the record in the circuit court, and on October 28, 1893, the appeal was dismissed for want of proper bond. On September 17, 1895, the relators presented to the probate judge their petition asking leave to file the same and for a rule on the executrix to answer the same, which petition was filed for an accounting by the executrix, and the respondent, as probate judge, denied the prayer for leave to file that petition and for a rule on the executrix to answer the same, and the relators prayed an appeal from said order denying the prayer of the relators to the circuit court of Cook county, which appeal was also denied. It is this last order denying the right of appeal to compel which this petition for *mandamus* was filed. On trial the writ was denied, and on appeal to the Appellate Court for the First District the judgment of the trial court was affirmed, and this appeal is prosecuted.

BULKLEY, GRAY & MORE, and L. S. HODGES, for appellants.

JOHN P. AHRENS, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The exceptions to the report of the executrix filed prior to the fifth day of August, 1891, by relators and others, and heard on that day, were overruled, and the report of the executrix approved. That was an adjudication of all matters included in the exceptions, and is, in a collateral proceeding, final and conclusive as to those who filed them. They had their day in court, and have no right to again litigate the same matters in another

proceeding.    Their remedy was by appeal, to reverse.
(*Dickson* v. *Hitt*, 98 Ill. 300.)   They sought to prosecute an
appeal, which was dismissed for insufficiency of bond.
That did not authorize the institution of a new proceed-
ing, in the absence of fraud.   By the petition presented
by the relators on the 17th day of September, 1895, they
sought to re-litigate the identical matters adjudicated on
the objections filed by them and others prior to August 5,
1891.   The court refused leave to file that petition, and
the petitioners, the relators here, prayed an appeal, which
was refused.   This petition for *mandamus* was filed to com-
pel the judge to enter an order allowing an appeal.   The
writ of *mandamus* is to be awarded in the discretion of
the court, and ought not to issue unless the relator has a
clear legal right to have the thing sought by it done.   In
a doubtful case it should not be awarded, nor unless the
right of the relator is clear and undeniable and the party
sought to be coerced is bound to act.   *People ex rel.* v.
*Hatch*, 33 Ill. 9; *People ex rel.* v. *McConnell*, 146 id. 532.

The adjudication of August 5, 1891, having determined
the very questions sought to be raised by the petition
presented September 17, 1895, there was no error in re-
fusing leave to file that petition.   There being no error,
the court had the right to refuse an appeal.   The entire
question whether there was error in refusing leave to file
the petition and refusing leave to appeal could be deter-
mined in this proceeding, and an appeal would, under
the facts shown in this record, result in an affirmance.
No clear and undeniable right exists in the relators to
have a useless, unnecessary act done.

The judgment of the Appellate Court for the First Dis-
trict is affirmed.
                                        *Judgment affirmed.*