People v. City of Chicago.

## People ex rel., etc., v. City of Chicago et al.

1. MANDAMUS—*To Restore One Irregularly Removed to His Place—Civil Service Act.*—In mandamus proceedings the writ will not be awarded to restore a person to his place, from which he has been irregularly removed, where the right of removal exists, which, if he be restored, can be and is likely to be exercised and made effectual.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded, with directions. Opinion filed January 21, 1902.

Statement.—January 24, 1900, appellant filed a petition for mandamus. The petition sets forth that on March 19, 1888, petitioner was appointed police patrolman in the police department of the city of Chicago, and at once entered upon the discharge of his duties, "and which office

of police patrolman he has held from thence hitherto."
That Joseph Kipley was, on the first Monday of May, 1897,
duly appointed superintendent of police and is still acting
as such.    That on December 18, 1897, by direction of the
superintendent, petitioner took the civil service examina-
tion as to his qualifications as a patrolman, which was con-
ducted under the direction of the civil service commission
of Chicago.    That upon the examination, petitioner was
passed as duly qualified, standing upon such examination
ninety-seven upon a scale of 100, and standing No. 68
upon the list of eligibles.    That on March 14, 1898, Kipley,
as superintendent, directed the name of petitioner dropped
from the roll of policemen of said city, which was done;
and from thence hitherto said Kipley, as superintendent,
has excluded petitioner's name from the pay-roll of the
police department, and still does.    That said conduct was
wholly unauthorized, and contrary to the legal rights of
petitioner.    That in consequence, petitioner has not been
paid the salary accruing to him since March 14, 1898, nor
any portion thereof.    That petitioner has made demand
upon the city, upon the mayor and upon Kipley, as super-
intendent, for the restoration of his name to the police pay-
roll, to the end that he might secure his salary, to which
he is lawfully entitled, but that they respectively refused
to comply with said demand.    The salary that petitioner
was entitled to under the ordinance of Chicago from March
14, 1898, was the sum of $83.33 per month.    That from the
time of petitioner's appointment until March 14, 1898, such
salary had been paid monthly.    That by section 3 of the
civil service act it was provided that the commissioners
should classify all officers and places of employment with
reference to examination, except those mentioned in section
11 of the act; which offices and places so classified should
constitute the classified civil service of the city, appoint-
ments to which should thereafter be made only according
to the rules mentioned in the act.    That by section 4
of said act it was provided that the commission should
make rules to carry out the act and for examinations, etc.

That soon after the organization of the commission, it proceeded to classify the offices and places of employment in the city as required, and that by rule 1 in force in 1898, it was provided that all such offices, except the excepted ones, should be classified, and among others, " 2,504 patrolmen in the department of police at $1,000 per annum."

That by sections 31 and 32 of the civil service act it was provided that the comptroller should pay salaries only after certification, and that no disbursing officer of the city connected with the disbursement of moneys should in any manner be concerned in paying any person for service unless such person occupied " an office or place of employment according to the provisions of law."

That the first civil service commission appointed in 1895 adopted the practice of certifying pay-rolls of all employes of the city, including police patrolmen, which practice had been continued, and that the comptroller of the city required such certification as a condition of payment. That the legal effect of such certification by said commissioners was that the parties named were entitled to be paid as persons holding office under the act; and the city in legal effect admitted that all persons named on such pay-rolls were in the classified service and entitled to payment as such.

That for more than two years prior to December 18, 1897, petitioner was duly certified upon the police pay-roll by the civil service commission as a patrolman entitled to pay under the act; and that after petitioner had successfully taken the civil service examination as above stated, he continued to be certified by the commission upon the pay-roll as an officer of the city in the civil service under the act. That by the facts stated, said defendants Harrison, mayor, and ·Kipley, were estopped to deny that petitioner was a patrolman in the classified service under the act and entitled to the provisions and protection thereof.

That the commissioners now in office are Robert Lindblom, Edward M. Carroll and John W. Ludwig.

Petitioner prays mandamus against the city, Mayor Har-

rison and Superintendent Kipley, and also against the civil service commissioners, demanding said city, said mayor and superintendent to forthwith place the name of petitioner upon the police pay-roll, to the end that he might obtain his pay as other officers are paid. And also commanding the commissioners to certify the petitioner's name upon the pay-roll whenever thereafter appearing.

To this was interposed the joint and several demurrer of all defendants; that the petition does not show that the civil service commissioners or their predecessors certified the name and address of the petitioner to the appointing officer as required by law; also that said petition is otherwise informal and insufficient; which demurrer was sustained.

W. P. Black and A. B. Chilcoat, attorneys for appellant.

Charles M. Walker, corporation counsel, and Roswell B. Mason, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the court.

The petitioner being a patrolman when the civil service law went into effect, was what is known as a "holdover." Thereafter, by direction of the superintendent of police he took the civil service examination as to his qualifications as a patrolman.

Whether this direction was compulsory and whether he might not have refused to comply with it is now of no consequence. He did take the examination and having done so, and successfully passed such examination, he became under the civil service law an eligible; his name went upon the list of eligibles. If such position was inconsistent with the rights of a "holdover" the latter were by him waived. He thus became entitled to have his name certified in due course to the superintendent of police for appointment as a patrolman. The civil service commissioners appoint no one to office; they determine as to eligibility and prepare lists of eligibles, from which, upon request, names are in proper order certified to those having power to appoint. Peti-

tioner, not having been so certified, is an eligible, but not an appointee under the civil service law.

We do not regard the alleged fact, that before and after his examination appellant was duly certified by the civil service commission upon the police pay-roll "as a patrolman entitled to pay under the act," estops the commission, the mayor or superintendent, to deny that he is or was a patrolman in the classified civil service under that act.

The designated officials are acting, not in their own interests, but that of the public; as such officers they can not be estopped by any act of theirs. The public have all the while a right to demand that they obey the law and do their entire duty thereunder. If, either mistakenly or intentionally, they have failed to do this, neither they as officials, nor the public, are estopped thereby. Appellant has acquired and can acquire no right to have them persist in wrong doing.

Appellant insists that as a patrolman, appointed before the civil service law went into effect, he could not be removed by the superintendent; nor by the mayor, except upon a formal charge, the reasons for which must be reported to the council at a meeting thereof held not more than ten days after such removal. As before stated, appellant can not occupy inconsistent positions. Whether his place as an eligible is consistent with his claim to yet possess all the rights he had as a holdover it is not necessary that we now determine.

He asked to have his name placed upon the list of eligibles for appointment; not for retention of his place as one who had been appointed. If he had failed in his examination could he have maintained his place as a holdover patrolman ?

His present contention in effect is, that he is entitled to hold his old place, and that no one, not even one who stood higher than did he at the examination, can be certified to take it.

If his petition be true it would seem that he is, in due course, entitled, as an eligible, to be certified to the superintendent for appointment.

Petitioner alleges that March 19, 1888, he was appointed police patrolman, "at once entered upon the discharge of his duties," "and which office of police patrolman he has held from thence hitherto."

The allegation is only that he has held the office, not that he has performed or offered to perform the duties thereof. At common law the utmost strictness was required in pleadings upon applications for mandamus. High on Extraordinary Remedies, Secs. 448–450.

Our statute has established new rules as to some matters but has not in terms, if at all, modified the rule as to the strictness with which mandamus pleadings are regarded.

The petition is verified, but consistently therewith the petitioner may, since his name was stricken off the roll, have been living in Cairo, and been there engaged in merchandising. Twenty-two months elapsed before, so far as appears, petitioner objected to the striking of his name from the payroll; during which time it does not appear that he has performed or offered to perform any of the duties of a police patrolman.

Nor does he offer to hereafter discharge such duties; he merely asks that his name be placed upon the pay-roll "to the end that he" may "obtain his pay as other officers are paid."

In mandamus proceedings the writ will not be awarded to restore to place one irregularly removed, where it appears that a right of removal exists, which, if he be restored, can and is likely to be exercised and made effectual. High on Extraordinary Remedies, Secs. 409–410–411.

In McNeill v. City of Chicago, 93 Ill. App. 124, a case similar to this, it was held that the allegation that his name had been stricken from the pay-roll, taken in connection with the charge that he was, in 1888, a police patrolman, and has remained such "from thence hitherto" does not amount to a statement that he was discharged, but amounts to an allegation that he is yet such patrolman.

The judgment in that case, overruling a demurrer to the petition, was reversed. The same action will be had here.

The judgment of the Circuit Court is therefore reversed and the cause remanded, and that court is directed to overrule the demurrer with leave to appellees to answer the petition. Reversed and remanded, with directions.