POLLARD v. SPEER, Judge, et al.
(No. 9114.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1918.)

1. MANDAMUS ⬦⟾16(1) — NATURE· AND GROUND—WRIT INEFFECTUAL.

The court will not grant the mandamus sought by relator, where the writ would be unavailing and useless.

2. MANDAMUS ⬦⟾31—JURISDICTION—SCOPE—DISTRICT JUDGE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1595, the Court of Civil Appeals may, by mandamus, compel a judge of the district court to proceed to trial and judgment in a cause "agreeable to the principles and usages of law," but cannot direct the character or kind of his decision.

3. EVIDENCE ⬦⟾41—JUDICIAL KNOWLEDGE—TERMS OF COURT.

The Court of Civil Appeals must take judicial knowledge of the time for holding sessions of the district court in Montague county, in the Sixteenth judicial district (Vernon's Sayles' Ann. Civ. St. 1914, art. 30, subd. 16), and also that a determination of a primary election con-

test cannot take place at a regular session thereof until after the November election.

**4. MANDAMUS ⬦⟶30—ACTS OF JUDGE—HOLDING SPECIAL TERM.**

Mandamus will not lie to compel the district judge to hold a special term of court under provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 1720, since the statute clearly leaves the matter of calling such sessions to the discretion of the district judge.

**5. COURTS ⬦⟶207(3) — ORIGINAL JURISDICTION—INJUNCTION.**

Since Court of Civil Appeals, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3156, has no appellate jurisdiction of election contest for precinct office, such court has no power to issue an injunction restraining officers from placing respondent's name on official ballot in a primary election contest pending in district court, in view of article 1592, permitting issuance of writs only in aid of appellate jurisdiction.

Proceeding by C. O. Pollard, relator, by original application for writ of mandamus against John Speer, Judge of the Sixteenth Judicial District of Texas, and another. Application denied.

Benson & Benson, of Bowie, and Capps, Cantey, Hanger & Short, of Ft. Worth, for relator.

Paul Donald, of Bowie, and C. F. Spencer, of Wichita Falls, for respondents.

CONNER, C. J. C. O. Pollard, relator, instituted this proceeding by an original application in this court for a writ of mandamus against the respondent, the Honorable John Speer, judge of the Sixteenth judicial district of Texas. It is alleged in the application the relator was a candidate before the democratic primary held by law for the office of commissioner of precinct No. 2, Montague county, Tex., one of the counties of which the Sixteenth judicial district is composed; that one H. E. Overstreet was also a candidate for said office before said primary; that said Overstreet was, on August 31, 1918, declared by the Democratic executive committee of Montague county to be the nominee of said party for said office; that on September 5, 1918, in the manner and time required by law, the relator filed with the chairman of said Democratic committee his complaint and notice for a contest of said nomination; that said contest was legally heard by said committee on September 18, 1918, and decided in favor of said H. E. Overstreet; that on the date last named the relator gave notice in writing of his appeal from the decision of said executive committee to the district court of Montague county, Tex.; that in the time and manner required by law the secretary of said executive committee filed with the said district court his certificate in the form required by law to perfect said appeal; that thereafter, on October 8, 1918, the said John Speer, district judge as aforesaid, at a time when the district court was not in either regular or special session, in vacation, over the written protest and objection of the relator, called said contest for trial, and, regardless of the said written objection to the effect that said judge was without jurisdiction to try said cause in vacation, entered an order and judgment purporting and attempting to dismiss said case, contrary to and in disregard of the relator's right to have said cause tried by the district court of Montague county, and not by the judge thereof in vacation; that although said appeal is now pending in said court said district judge refuses to recognize it as a pending suit, and illegally refuses to set same down for trial at a time when it could be legally tried. It is further alleged that the relator is a Democrat, regularly affiliated with the Democratic party, and is a candidate as a Democrat before the general election to be held on the first Tuesday after the first Monday in November, 1918, for the said office of county commissioner of precinct No. 2, Montague county; and that, although said appeal is now legally pending in said district court, and notwithstanding that there is no legal certificate of nomination issued for any one as the Democratic nominee for the said office, and notwithstanding that there is no legal nominee for said office, I. L. Chandler, county clerk of Montague county, Tex., acting in obedience to said void order and judgment, has ordered the name of the said H. E. Overstreet, as the Democratic nominee, placed on the official ballot for the said general election; that said Chandler, county clerk, E. W. Perryman, sheriff, and Homer B. Latham, county judge, of Montague county, who under the law compose the county election board to provide and furnish supplies to presiding judges of the said general election, also in obedience to said void order and judgment, will deliver to the presiding judges of the election ballots containing the name of said Overstreet as the Democratic nominee of said office of commissioner of precinct No. 2.

It is further alleged that if the said district judge is not commanded and required to set down said cause for trial at a time when it could be legally disposed of, and the other parties named are not restrained, official ballots containing the name of H. E. Overstreet as a nominee of the Democratic party for said office of commissioner would be delivered to the presiding judges of said election, and that such delivery would be equivalent to the election of the said Overstreet, and preclude the relator from being a candidate for said office; that, but for said order and judgment, the name of said Over-

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

street would not have been placed upon said official ballots. It is further alleged that the precinct named is overwhelmingly Democratic, and that if a delivery of the official ballots with the name of the said Overstreet printed thereon as the Democratic nominee was not prevented, the relator would be deprived of a legal and valuable right, and the prayer in substance was that said district judge be commanded to set the contest down for a hearing at a time when the court of Montague county was in session, and that the said county clerk, sheriff, and county judge be enjoined from delivering or causing to be delivered to any of the presiding judges of the election any official ballots for use in said November election containing the name of said Overstreet as the nominee of the Democratic party for the office in question.

The application was duly set down for a hearing, and the matter submitted to us for a determination on Monday of the present week, and a prompt announcement of our conclusions requested, inasmuch as the election officers, of necessity, must soon issue the official ballots for the coming general election in November.

By our primary election laws (Vernon's Sayles' Stat. art. 3086) party nomination of candidates for office must be made at a primary election ordered by the party executive committee, and contests of nominations so made before the proper executive committee are expressly provided for (Vernon's Sayles' Stat. art. 3147). After indicating the procedure of the committee in determining the contest, it is further provided that:

"When the committee has decided the contest, unless notice of appeal to the district court is given, the executive chairman shall certify its findings to the officers charged with the duty of providing the official ballots; and the name of the candidate in whose favor the executive committee shall find shall be printed on the official ballot for the general election." 2 Vernon's Sayles' Stat. art. 3151.

The next article provides that:

"Where contests are originally filed with the executive committee, either party shall have the right to appeal from the final decision of the executive committee to the district court having jurisdiction; and said contest shall there be tried de novo."

The article last quoted prescribes the steps necessary to perfect the appeal to the district court, and directs that appellant shall file all papers filed in the contest "in the district court, or with the district judge, in vacation, of the district having jurisdiction of such appeal, within ten days after the decision of the executive committee is rendered." 2 Vernon's Sayles' Stat. art. 3153. The next article (article 3154) provides that, when the appeal from the decision of the executive committee is perfected, "the judge of the district court shall set same down for hearing, either in term time or vacation, at the earliest practical time," etc. The statute further provides that the decision of "said court or judge" shall be final as to all district, county, precinct, or municipal offices, and that a certified copy of the judgment of "said court or judge" shall be transmitted to the clerk thereof to the officers charged with the duty of providing the official ballots.

Several interesting questions have been presented, which for reasons hereinafter stated will not be discussed or determined. It may not be amiss, however, to say that the contest, both before the executive committee and as presented to the district court, was resisted by the respondent, H. E. Overstreet, on the ground, principally, that the notice of the contest, setting forth the grounds of objections to the election, had not been filed with the county clerk as provided by 2 Vernon's Sayles' Stat. art. 3131. This ground, it appears from the record before us, was sustained, both by the executive committee and by the district judge in vacation upon appeal. The relator resists this contention for several reasons that we need not recite, and insists, as the principal ground for the relief sought in this proceeding, that under the Constitution the district judge was without jurisdiction or power to determine the appeal taken from the executive committee; that this order declaring the respondent Overstreet the nominee of the Democratic party for commissioner, precinct No. 2, Montague county, was a nullity; and that said order was insufficient as a matter of law to authorize the officers whose duty it is to provide the official ballots to place Overstreet's name thereon.

[1] It seems to have been determined by our Supreme Court in the case of Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699, that under the Constitution a district judge has no power in vacation to determine a contest appealed from an executive committee, and that the Legislature exceeded its authority in undertaking to so provide. As before indicated, however, we have not found it necessary to decide the questions presented, for, in the view we have taken of the case, the mandamus sought by the relator would be wholly unavailing, and it has been frequently decided that a court will not proceed to do or cause to be done a useless thing. See Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122; Testard v. Brooks, 70 S. W. 240; Fuller v. Brown, 10 Tex. Civ. App. 64, 30 S. W. 506; Potts v. Tuttle, 79 Iowa, 253, 44 N. W. 374; People v. Kohlsaat, 168 Ill. 37, 48 N. E. 81; People v. Chicago, 99 Ill. App. 489; 12 Dec. Dig. 2081 (jj); Duvall v. Swann, 94 Md. 608, 51 Atl. 617;

Hatch v. Frazer, 138 Mich. 184, 101 N. W. 228.

[2-4] In prescribing the power of Courts of Civil Appeals to issue writs of mandamus, it is declared in 1 Vernon's Sayles' Stat. art. 1595, that:

"The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law, returnable on or before the first day of the next term or during the session of the same, or before any judge of the said court, as the nature of the case may require."

It seems clear under this article that this court could only compel the responding district judge to proceed to trial and judgment of the appeal filed in the district court of Montague county agreeably to the principles of law. We have no power to direct him further. In other words, we have no power to direct the character or kind of decision that he shall render, and if it is true, as relator insists, and as we will now assume, in view of the decision of the Supreme Court referred to, that the appeal of the relator from the determination of the Democratic executive committee of Montague county can only be lawfully determined by the district court of said county when in session, then we must know judicially that such determination cannot take place until after the coming general election in November, 1918, too late for the decision to direct the election officers whose duty it is to provide official ballots to put relator's name, if successful, thereon. Montague county, by law, is one of three counties composing the Sixteenth judicial district of Texas. See 1 Vernon's Sayles' Texas Civil Statutes, tit. 5, p. 49, par. 16. The district court is held in the county of Montague on the second Monday in January and July, and may continue in session six weeks; in the county of Denton, on the sixth Monday after the second Monday in January and July, and may continue in session eight weeks; in the county of Cooke, on the sixteenth Monday after the first Monday in January and the second Monday in July, and may continue in session until the business is disposed of. So that, as stated, no legal trial and determination of relator's contest can be had until in January, 1919, unless it may be said that this court has the power to direct said judge to forthwith call a special term of the district court in Montague county, but which, as we conceive it, we may not do. The statute relating to this subject reads as follows:

"Whenever it may become advisable, in the opinion of a district judge, to hold a special term or terms of the district court in any county in his district, such special term or terms may be held; and such district judge may convene such special term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof: Provided, that in the discretion of the district judge, a grand jury need not be drawn or impaneled." 1 Vernon's Sayles' Stat. art. 1720.

The statute quoted seems to make it clearly a matter of discretion on the part of the district judge as to when and under what circumstances he will hold a special term of his court in any given county of his district. Under the law, his court in one of the other counties of his district is now in session, and we cannot know the state of the business in such county, or determine the relative importance of such cases as he may now be trying. For aught that this record shows, it might amount to an abuse of discretion vested in him by the article of the statute quoted to now suspend any and all other business of his court, and forthwith order and hold a special term of the district court in Montague county, in order to determine in time the relative rights of the relator and respondent Overstreet in the matter of having their names upon the official ballots at the coming general election. It is a familiar principle of law relating to the issuance of writs of mandamus that such writs will not issue to command an officer to perform a duty left to his discretion. See Jefferson v. Scott, 135 S. W. 705; Glasscock v. Commissioner of the General Land Office, 3 Tex. 51; Teat v. McGaughey, 85 Tex. 478, 22 S. W. 302, and numerous other cases that might be cited.

[5] It may be said, and indeed relator insists, that in view of his said appeal, now properly pending in the district court of Montague county, we should issue a writ of injunction restraining the officers whose duty it is to provide official ballots from presenting the respondent Overstreet's name thereon. To this we must reply that this court has no appellate jurisdiction over a contested election for a precinct office. 2 Vernon's Sayles' Stat. art. 3156. Nor have we power to issue original writs of injunction. We can only issue such writs in aid of our appellate jurisdiction. See article 1592, Vernon's Sayles' Texas Civil Statutes, which reads:

"The said courts and the judges thereof have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

See, also, Dunn v. St. L. S. W. Ry. Co. of Tex., 40 Tex. Civ. App. 242, 88 S. W. 532, and cases therein cited.

This opinion has been hastily prepared, but we think perhaps enough has been said to warrant our final conclusion, which is that the relief sought in the proceeding which we

have power to give will be altogether unavailing, and that it is not our duty to direct the performance of a wholly useless thing. It is accordingly ordered that the application herein be denied.