Ruth WALKER et vir, Appellants,

v.

Hon. E. A. LINDSEY, District Judge, et al., Appellees.

No. 6094.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 3, 1957.

W. P. Sexton, Stephenson & Stephenson, Orange, for appellants.

Carl Vaughan, Port Arthur, Joe Tonahill, Jasper, for appellees.

R. L. MURRAY, Chief Justice.

This is an original action filed in this court in the nature of an application for writ of mandamus and writ of prohibition. The relators, Ruth Walker and her husband, Woodrow Walker, seek a writ of mandamus and writ of prohibition against the Honorable E. A. Lindsey, District Judge of the First Judicial District of Texas, and J. L. Ratcliff, Sr., Mrs. J. L. Ratcliff, Sr., and J. L. Ratcliff, Jr. The controversy arose over the custody of a minor child, John Carl Ratcliff, who is the son of the relator, Ruth Walker, and respondent, J. L. Ratcliff, Jr. The minor was born to them during their marriage and Mrs. Walker has since that time married her present husband. In the divorce proceedings the relator, Mrs. Ruth Walker, was awarded custody of the minor child by judgment of the District Court of Orange County in 1950. In 1953, in the Criminal District Court of Jefferson County, in a suit to change the custody of the child to the father, J. L. Ratcliff, Jr., after the trial judge announced he was going to award the child to its mother, the respondent J. L. Ratcliff, Jr., took a nonsuit. This nonsuit was entered May 31, 1956, and on the same day the respondents, Mr. and Mrs. J. L. Ratcliff, Sr., and J. L. Ratcliff, Jr., filed another suit for the custody of the child, suit being filed this time in the District Court of Jasper County. In said suit in Jasper County the relators here filed their plea of privilege, alleging their residence was in Galveston County, Texas. The plea was controverted and the hearing set for June 25, 1956. The hearing was not heard at that time and has been put off from time to time without ever being heard. In September, 1956, respondents, J. L. Ratcliff, Sr., and wife, and J. L. Ratcliff, Jr., filed a petition in the District

Court of Jasper County seeking to have the minor child involved in this controversy, their grandson and the son of the relator, Ruth Walker, declared to be a dependent and neglected child and sought to have the child placed in their custody and control. The hearing on said petition was set for September 29, 1956.

The relators alleged facts in detail in their petition and alleged that the respondent Judge Lindsey has arbitrarily refused to hold a hearing on the plea of privilege of these relators, but was at the time of filing the petition about to proceed with the hearing on the application to declare the minor boy a dependent and neglected child and award the custody of him to the respondents, Mr. and Mrs. J. L. Ratcliff, Sr. They also alleged that the respondents are circumventing the relators in their effort to have the suit for change of custody of the child heard as required by law in Galveston County, the county of their residence. They alleged that unless prevented by writ of prohibition by this Court Judge Lindsey will proceed to hear the application to have the child declared a dependent and neglected child before he hears the plea of privilege of the relators; they also seek a writ of mandamus requiring the District Judge to proceed to a trial or hearing on the plea of privilege before he proceeds to trial in the other case involving the same controversy between the same parties.

We granted leave to file application for writ of mandamus and also issued a writ of prohibition, prohibiting the District Judge from hearing the suit to declare a minor a dependent and neglected child until after the matter of issuing a writ of mandamus in regard to the venue hearing could be heard and determined by this Court.

The respondents filed a motion to strike the application for writ of mandamus and writ of prohibition and also filed answer to the petition. They state in a verified motion and answer that they posted a jury fee and made demand for a jury fee and made demand for a jury in the plea of privilege case on July 7, 1956, while the respondent Judge Lindsey was too ill to hear the case. They also alleged that all juries for the June term of court of Jasper County had been called and dismissed; that Judge Lindsey intended and still intends to hear the plea of privilege in the case when the next regular jury panel is called for service in Jasper County. Judge Lindsey answered further that he intends hearing the plea of privilege case in its regular order. In an extensive answer and brief the respondents argue that the remedy of the relators here is not by mandamus and prohibition but is by appeal from any orders and judgments by the District Court of Jasper County, by which they feel themselves aggrieved.

The respondents also point out in their brief that ordinarily an appellate court will not issue a writ of mandamus to a district judge compelling him to take any action which involves his exercise of discretion, and they say further that the respondent Judge Lindsey's intention is to hear the plea of privilege at such time when a jury is available to his court in Jasper County for such hearing; that he has not abused his discretion in postponing the hearing on such plea of privilege; that all of his actions complained of involve acts of discretion on his part. We agree that this Court is without power to require by writ of mandamus a district judge to do any act involving or requiring any act of discretion on his part. An appellate court has the power to order a district judge to proceed to trial of a cause in his court, but cannot order him to render any certain judgment in such trial.

The statement of the case which is contained above shows a situation which strongly indicates that the District Judge intended to hear what is called the dependent and neglected child suit before he hears the plea of privilege. The respondents were allowed to file a jury demand and jury fee and place the case on the jury docket after the jury had been dismissed

for the term. The new suit to declare the child neglected and dependent was immediately filed and set for an early hearing. From the allegations made by both the relators and respondents in the various pleadings filed in the two suits, it appears that there is a strong probability that the plea of privilege of relators would be sustained by the trial court, under the rule announced in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Steele v. Steele, Tex.Civ.App., 251 S.W.2d 258. It likewise appears from the record that respondent Judge Lindsey, by setting the suit to declare the boy a dependent and neglected child down for hearing for September 29, 1956, at a date when the hearing on the plea of privilege could not be reached for trial because no jury panel was present, indicated that he intends to try that case first. However, this was within his discretion, and not subject to control by this court by writ of mandamus.

█ The respondents recognize this feature of the case, and its importance, as is indicated by a statement in their brief. They say "actually, what relators are implying or insinuating is that they feel they have a positive right to have their case tried in Galveston County and that the trial court will by-pass the custody hearing in Cause No. 5956 and go on and hear Cause No. 5985, the dependent and neglected suit. There is no basis in law for their suspect." They cite Gaffney v. Kent, Tex.Civ.App., 74 S.W.2d 176, for the proposition that we cannot anticipate that any future order will be made by the District Judge or what the nature of such order might be. They say that we cannot assume or anticipate that Judge Lindsey will rule improperly on the hearing of either case. This argument is sound and is supported by good authority. The suit to have the child declared a dependent and neglected child was set for hearing in September, 1956, and the plea of privilege case was not set for trial at any definite date but its setting was awaiting a time convenient to the District Judge when a jury would be available at a later term. We have no doubt that Judge Lindsey will, when he reaches the plea of privilege case, hear it and rule on it according to law. He states in his answer that he intends to try it when reached in its regular order.

In regard to relators' contention that respondent Judge Lindsey will first hear the "neglected and dependent child suit", we feel safe in assuming that when he hears such case he will rule upon it according to law.

█ In any event, the judgments in both matters herein involved are subject to appeal, and we believe that the relators' rights and contentions in regard thereto must be presented to this court by appeal rather than by the extraordinary writ of mandamus. A Court of Civil Appeals has no general supervisory control of district and county courts. It has the power to issue Writs of Mandamus and all other writs necessary to enforce its jurisdiction. Article 1823, Vernon's Ann.Stat. of Texas; Texas Emp. Ins. Ass'n v. Kirby, Tex.Civ. App., 150 S.W.2d 123. It has the power to issue a writ of mandamus to compel a judge of the district or county court to proceed to trial and judgment in a cause, under Article 1824, Vernon's Ann. Statutes of Texas. It has no power to issue such writs not found in such two articles of the statutes.

Respondent Judge Lindsey is acting within his descretion in determining when he will hear the two cases. He has answered that he will hear the plea of privilege in its regular order. It is not for this court, in an attempted supervisory capacity, to tell him how to proceed with the trial of his docket of cases. See Lucid v. McDowell, Tex.Civ.App., 206 S.W. 203; Pollard v. Speer, Tex.Civ.App., 207 S.W. 620.

We are unable to hold that Judge Lindsey's actions amount to a refusal to try the

plea of privilege case, so as to bring the matter within the purview of Article 1824, supra. The application for writ of mandamus will be refused and the writ of prohibition heretofore issued herein is dissolved and set aside.

Mandamus refused.