Kathleen COX et al., Relators,

v.

Graham B. PURCELL, District Judge, et al., Respondents.

No. 15893.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1957.

B. E. Richie and Sam B. Spence, Wichita Falls, for relators.

Theo. W. Lueders and J. Walter Friberg, Wichita Falls, for respondents.

PER CURIAM.

On March 8, 1957, this court rendered an opinion in the case of City of Wichita Falls v. Cox. Judgment of the court below was affirmed by this court. Same appears at 300 S.W.2d 317. Subsequently the Supreme Court acted upon a petition for writ of error in the case and such was refused, with notation, "no reversible error."

Thereafter the mandate of this court went forward to the 30th Judicial District Court of Wichita County, Texas, presiding judge of which is the Honorable Arthur Tipps. It is to be noted, however, that the Honorable Graham B. Purcell, presiding judge of the 89th Judicial District Court of Wichita County, Texas, tried the case in the court below under an order of the Honorable Floyd Jones, Presiding Judge of the Administrative Judicial District, in which both the 30th and 89th District Courts are located, which order authorized Judge Purcell to try cases and transact any and all business of the 30th Judicial District Court. This order expired with the calendar year of 1956.

Before any action was taken to effectuate the recovery adjudicated in the trial below and affirmed on appeal against the City of Wichita Falls et al., said parties filed an instrument denominated "Bill of Review" in the 30th Judicial District Court and under the same style and number as the case discussed in our opinion, supra, seeking to set aside the judgment theretofore rendered and appealed from and affirmed by judgment of this appellate court. In substance, the City of Wichita Falls et al. asserted that Art. 1269m, Vernon's Ann. Texas St., by authority of which judgment was originally entered, had been wiped out and vitiated and held for naught in so far as the provisions thereof in effect at time of the judgment in the trial court and the Court of Civil Appeals and the Supreme Court supported the judicial conclusion that the status of Kathleen Cox et al. did actually become that of "members" of the Police Department of the City of Wichita Falls.

For clarification of the matter, it appears that in view of the opinion of this court, and of other courts in analogous cases, the 55th Legislature, in regular session in 1957, passed an amendment to the aforesaid Art. 1269m, by which it eliminated the automatic right of an employee of the Fire Department or Police Department of a city, such as the City of Wichita Falls, to assume the status of a "member" of such departments without intervening or additional requirement, as by an examination. The origin of the amendment was in House Bill 79, reported in Vernon's Texas Session Laws of 1957, at page 1171. The effective date of this amendment was August 22, 1957. Without necessity of discussion, it might be noted that had the amendment been in effect at all material times to the case of City of Wichita Falls v. Cox, Kathleen Cox and her co-plaintiffs would have lost rather than won their respective cases.

Promptly after the bill of review was filed, Kathleen Cox et al. presented to this court an application for leave to file petition for writ of prohibition directing the City of Wichita Falls et al. to cease and desist from prosecuting its asserted cause of action as represented in the bill of review, and to further cease and desist from filing and/or prosecuting any suit or cause of action involving the issues disposed of by the judgments of the 30th Judicial District Court and this appellate court. Like relief was requested as against Judge Purcell.

■ It is be noted that the Honorable Arthur Tipps, Judge of the 30th Judicial District Court, was not made a party to the proceeding. For this reason alone it appears that we were premature and erred in granting leave to file the petition for writ of prohibition. However, upon further consideration we have reached the same opinion for other and additional reasons.

■ This is not such a case as that of Life Ins. Co. of Virginia v. Sanders, 1933, Tex.Civ.App., El Paso, 62 S.W.2d 348, in which a Legislative or Congressional Act passed after judgment was rendered did actually purport to invalidate the holding, thus making necessary our determination of whether the Act itself was valid or invalid. To the contrary was the Act

of the 55th Legislature in this instance, which merely changed the rules of law pursuant to which any employee in circumstances analogous to those of Kathleen Cox and her co-petitioners might on and after August 22, 1957, claim the right to be or become "members" of certain Fire or Police Departments. There would appear to be no necessity to ascertain any party's rights under the statute as amended, for it does not, in our view, purport to invalidate the holdings heretofore made in the trial court and this appellate court.

Furthermore, it does not appear from the accompanying petition for writ of prohibition that Judge Purcell or Judge Tipps have threatened to do any act purportedly operative to prejudice the petitioners in any rights held by them under their judgment, nor refused to perform any proper act obligatory upon them requested by the petitioners pursuant to judgment. Whether or not any form of relief has ever been requested by petitioners of the court below is not made to appear, absent which we are obliged to conclude that such court stands ready to afford all such existing within the limits of its rightful jurisdiction. 33 Tex.Jur., p. 931, "Prohibition," sec. 8, "Procedure to Obtain Writ-Forms." Of course, such a writ as that applied for should be denied where the proceedings below do not interfere with the enforcement of the judgments in the case, trial and appellate. 33 Tex.Jur., p. 927, "Prohibition," sec. 6, "When writ Lies—Grounds for Issuance." The mere fact that a bill of review was filed does not in itself suffice in the requisite showing of such interference.

It is to be noted that no ancillary procedural steps have been taken or are threatened by the City of Wichita Falls et al., and the only action with which we are concerned is the context of their bill of review and the fact of its having been filed with the clerk of the court. It therefore does not appear that any situation exists which necessitates our taking jurisdiction because of any action taken or threatened which would not be under the control of the court below free of any necessity for our intervention. While the mere fact of the filing of the bill of review might indicate that the City of Wichita Falls et al. are of the opinion that the lower court could review and interpret this court's judgment, and even test the validity thereof, it would be presumed, in the absence of evidence to the contrary, that said court would not attempt the exercise of any act as to which its jurisdiction does not obtain. Humble Oil & Refining Co. v. Fisher, 1952, 152 Tex. 29, 253 S.W.2d 656.

The Court of Civil Appeals has no general supervisory control of the district and county courts. Neither can it anticipate that any future order will be made by the district judge or that the nature of any order made might be contrary to its own conception of propriety. Walker v. Lindsey, 1957, Tex.Civ.App., Beaumont, 298 S.W.2d 195.

Leave to file the petition for writ of prohibition, heretofore granted, is dissolved and set aside and leave to file the petition is denied.