

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 13, 1985

Honorable Dale Hanna
Johnson County Attorney
1st Floor Courthouse
Cleburne, Texas 76031

Opinion No. JM-325

Re: Whether a city police department dispatcher is covered by civil service protection under article 1269m, V.T.C.S.

Dear Mr. Hanna:

You have asked the following three questions regarding the city of Cleburne's police department:

> 1. Whether a police department dispatcher's position is entitled to civil service coverage under article 1269m, V.T.C.S.

> 2. If such position is already covered by article 1269m, can the city council remove the position from civil service coverage?

> 3. If it is not legally possible to remove the dispatcher position from civil service coverage is section 9, paragraph 5 of article 1269m unconstitutional as applied to a police department dispatcher's position?

The statute governing fireman's and policeman's civil service in cities of over 10,000 inhabitants was originally enacted as chapter 325 of the Acts of the Fiftieth Legislature. Acts 1947, 50th Leg., ch. 325, at 550. Section 2 thereof initially defined "policeman" as

> any member of the Police Department who draws compensation for his services as a member of said Department.

Acts 1947, 50th Leg., ch. 325, §2, at 551. The second paragraph of section 12 of article 1269m, as originally enacted, provided that

> [a]ll offices and positions in the Fire Department or Police Department shall be established by ordinance of the City Council or governing body,

> provided, however, if the officer or employee
> shall have been permitted to serve the six (6)
> months probationary period, the service of said
> officer or employee shall ipso facto constitute
> the creation of the said position or office under
> a civil service classification.

Acts 1947, 50th Leg., ch. 325, §12, at 554. On the basis of these provisions it was generally held that all employees of the police department in cities which adopted the civil service system created by the act were given civil service status under that system. See City of San Antonio v. Handley, 308 S.W.2d 608 (Tex. Civ. App. - San Antonio 1957, writ ref'd); City of Wichita Falls v. Cox, 300 S.W.2d 317 (Tex. Civ. App - Fort Worth 1957, writ ref'd n.r.e.); City of San Antonio v. Hahn, 274 S.W.2d 162 (Tex. Civ. App. - Austin 1954, writ ref'd n.r.e.); City of San Antonio v. Wiley, 252 S.W.2d 471 (Tex. Civ. App. - San Antonio 1952, writ ref'd n.r.e.). See also City of San Antonio v. Wallace, 338 S.W.2d 153 (Tex. 1960); City of San Antonio v. Kneupper, 338 S.W.2d 121 (Tex. 1960); City of San Antonio v. Carr, 338 S.W.2d 122 (Tex. 1960).

In 1957, section 2 was amended to redefine "policeman" as

> [a]ny member of the Police Department appointed to
> such position in substantial compliance with the
> provisions of Sections 9, 10, and 11 of this Act,
> or entitled to Civil Service Status under Section
> 24 of this Act.

Acts 1957, 55th Leg., ch. 391, §1, at 1171. That enactment also replaced the cited language of the second paragraph of section 12 providing for automatic classification of employees with the following language:

> All offices and positions in the Fire Depart-
> ment or Police Department shall be established by
> ordinance of the City Council or governing body,
> provided however that the failure of a City
> Council or governing body to establish a position
> by ordinance shall not result in the loss of Civil
> Service benefits under this Act by any person
> appointed to such position in substantial com-
> pliance with the provisions of Sections 9, 10 and
> 11 of this Act, or entitled to Civil Service
> Status under Section 24 of this Act.

Acts 1957, 55th Leg., ch. 391, §3, at 1172. It has been clearly held that employees whose civil service status was established prior to the 1957 amendment retained the full protection of that statute. City of

San Antonio v. Handley, 308 S.W.2d at 611; Cox v. Russell, 306 S.W.2d 814 (Tex. Civ. App. - Fort Worth 1957, no writ), per curiam. On the other hand, it has also been well established that a home rule city acting in good faith may abolish the civil service status of positions no longer entitled to coverage under article 1269m, as amended in 1957. City of San Antonio v. Wallace, 338 S.W.2d at 156; City of San Antonio v. Kneupper, 338 S.W.2d at 121; Welch v. Overton, 416 S.W.2d 879 (Tex. Civ. App. - Texarkana 1967, writ ref'd n.r.e.).

The city of Cleburne is a home rule city entitled to adopt the civil service system of article 1269m. When it did so in 1955 it included, as the court decisions indicate was correct at the time, the position of police department dispatcher under its civil service system. On the basis of the 1957 amendments to article 1269m and the subsequent court decisions, Cleburne may remove such position from civil service coverage in the future so long as it does so in good faith and does not purport to affect the protected status of employees whose civil service status has been previously fixed. See City of San Antonio v. Handley, 308 S.W.2d at 611. On the basis of this conclusion we have no need to deal with your third question.

## S U M M A R Y

While current employees in the position of police department dispatcher may not have their civil service protection eliminated, the city of Cleburne may remove the position of police department dispatcher from the coverage of its civil service system for the future.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin J. Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood