

# The Attorney General of Texas

July 10, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George Pierce
Chairman
Committee on Urban Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-515

Re: Whether a city may hire non-civil service personnel in positions which are supervised by the fire chief

Dear Representative Pierce:

You ask for an interpretation of section 2 of article 1269m, V.T.C.S., and whether a city may hire non-civil service personnel to perform certain activities which are supervised by the fire chief. It is our opinion that the provisions of article 1269m, the Firemen's and Policemen's Civil Service Act, do not require a city to create civil service positions for all activities of a fire department that are enumerated in section 2 of that act.

No inflexible rule can be announced for the construction of statutes. However, the dominant consideration in construing statutes is the intention of the legislature. That intention is derived from a general review of an entire enactment. Statutory language must be read in the context of the entire act. See City of Houston v. Morgan Guaranty International Bank, 666 S.W.2d 524, 529 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.); Nichols v. Aldine Independent School District, 356 S.W.2d 182, 184 (Tex. Civ. App. - Houston 1962, no writ); Holcombe v. Levy, 301 S.W.2d 507, 518 (Tex. Civ. App. - Galveston 1957, writ ref'd n.r.e.); Attorney General Opinion JM-504 (1986). It is the duty of the courts to harmonize and give effect to all provisions of statutes, if reasonably possible. See Attorney General Opinion JM-505 (1986).

The statute governing firemen's and policemen's civil service in cities of over 10,000 inhabitants originally was enacted by the Fiftieth Legislature in 1947 as chapter 325. Section 2 of that act initially defined "firemen" as

> any member of a Fire Department who draws compensation for his services as a member of said Department.

The second paragraph of section 12, chapter 325, provided that

> [a]ll offices and positions in the Fire Department
> or Police Department shall be established by
> ordinance of the City Council or governing body,
> provided, however, if the officer or employee
> shall have been permitted to serve the six (6)
> months probationary period, the service of said
> officer or employee shall ipso facto constitute
> the creation of the said position or office under
> a civil service classification.

Acts 1947, 50th Leg., ch. 325, at 550.  In Attorney General Opinion JM-325 (1985), this office stated that on the basis of these provisions it was generally held that all employees of the police department in cities which adopted the civil service system created by the act were given civil service status under that system.  See City of San Antonio v. Handley, 308 S.W.2d 608 (Tex. Civ. App. - San Antonio 1957, writ ref'd); City of Wichita Falls v. Cox, 300 S.W.2d 317 (Tex. Civ. App. - Fort Worth 1957, writ ref'd n.r.e.); City of San Antonio v. Hahn, 274 S.W.2d 162 (Tex. Civ. App. - Austin 1954, writ ref'd n.r.e.); City of San Antonio v. Wiley, 252 S.W.2d 471 (Tex. Civ. App. - San Antonio 1952, writ ref'd n.r.e.).  See also City of San Antonio v. Wallace, 338 S.W.2d 153 (Tex. 1960); City of San Antonio v. Kneupper, 338 S.W.2d 121 (Tex. 1960); City of San Antonio v. Carr, 338 S.W.2d 122 (Tex. 1960).  That interpretation was equally applicable to employees of fire departments.

In 1957, section 2 of article 1269m was amended to redefine "firemen" as

> [a]ny member of the Fire Department appointed to
> such position in substantial compliance with the
> provisions of Sections 9, 10, and 11 of this Act,
> or entitled to Civil Service Status under Section
> 24 of this Act.

Acts 1957, 55th Leg., ch. 391, §2, at 1171.  That enactment also replaced the cited language of the second paragraph of section 12 providing for automatic classification of employees with the following language:

> All offices and positions in the Fire Depart-
> ment or Police Department shall be established by
> ordinance of the City Council or governing body,
> provided however that the failure of a City
> Council or governing body to establish a position
> by ordinance shall not result in the loss of Civil
> Service benefits under this Act by any person
> appointed to such position in substantial com-
> pliance with the provisions of Sections 9, 10 and

> 11 of this Act, or entitled to Civil Service
> Status under Section 24 of this Act.

Texas courts have held that persons whose civil service status was established prior to the 1957 amendment, by virtue of being members of the department who drew compensation for their services as a member of the department, retained the protection of that statute. City of San Antonio v. Handley, id.; Cox v. Purcell, 306 S.W.2d 814 (Tex. Civ. App. - Fort Worth 1957, no writ), per curiam. The courts also have held that home rule cities acting in good faith may abolish the civil service status of positions no longer entitled to coverage under article 1269m as amended in 1957. City of San Antonio v. Wallace, id.; City of San Antonio v. Kneupper, id.; Welch v. Overton, 416 S.W.2d 879 (Tex. Civ. App. - Texarkana 1967, writ ref'd n.r.e.). Since the governing body of a city by ordinance may abolish positions of civil service employment if the city acts in good faith to promote efficiency and the best interests of the city, presumably the governing body, acting in good faith, also may fail to create positions of civil service employment. See Attorney General Opinion JM-325 (1985).

In 1979, the legislature again amended section 2 of article 1269m by adding, as the second sentence, the following language:

> The term includes firemen who perform fire suppression, fire prevention, fire training, fire safety education, fire maintenance, fire communications, fire medical emergency technology, fire photography, or fire administration. (Emphasis added).

Acts 1979, 66th Leg., ch. 753, §2, at 1856. In 1985, the legislature reenacted section 2 without change to the first two sentences, which are the provisions that relate to firemen. Acts 1985, 69th Leg., ch. 958, §21, at 7040.

It is our opinion that the language added in 1979 does not alter the basic definition of "firemen" in section 2 and does not add any individual to the class of persons defined as "firemen." The added sentence does not state that the term "firemen" includes or means "persons" who perform the enumerated activities, but states that the term "firemen" includes "firemen" who perform the named functions, some of which are not firefighting in the usual sense. The legislature could not have intended the term to include all "personnel" who perform the enumerated functions, since House Bill No. 1325 of the Sixty-sixth Legislature, which added the sentence in question, was amended on the House Floor to strike "personnel" where it initially appeared in the added sentence on the first page of the bill and to substitute "firemen" for "personnel." Floor Amendment No. 2 to House

Bill No. 1325, adopted May 21, 1979.  A person within a fire depart-
ment who performs an activity listed in section 2 is not a "fireman"
under that section unless the person has earned civil service status
as provided by sections 9, 10, and 11 or is entitled to it under the
original grandfather clause of section 24. If the Sixty-sixth Legisla-
ture intended the added sentence to change the definition, it easily
could have stated that the term "firemen" means persons or personnel
who perform the specified activities.

The history of article 1269m supports this conclusion.  Prior to
the amendment of section 12 in 1957, a long line of cases had held
that, under the statute, all employees of a fire department were
entitled to civil service status.  See, e.g., City of San Antonio v.
Handley, id.  The amendment to section 12 was designed to provide that
a particular position is not covered by civil service unless it is so
established by ordinance.  The title to that amendment reads, in part:

> by amending section 12 thereof by stopping the
> creation in the future of new classified positions,
> unless established by ordinance. . . .

Acts 1957, 55th Leg., ch. 391, at 1171.

The relevant portion of section 12 has not been altered since
1957, but was reenacted without change in 1979 and 1981.  Acts 1981,
67th Leg., ch. 215, §12, at 525; Acts 1979, 66th Leg., ch. 753, §12,
at 1858.  To construe the 1979 amendment to section 2 to require that
each of the listed activities be filled only by employees having civil
service status would effectively repeal the 1957 amendment to section
12 and its subsequent reenactment.

Article 1269m requires vacancies in all civil service positions
to be filled as provided by sections 9, 10, and 11 of that act.
Section 9 provides, in part, that

> [a]ll eligibility lists for applicants for
> original positions in the Fire and Police Depart-
> ments shall be created only as a result of such
> examinations, and no appointments shall ever be
> made for any position in such Departments except
> as a result of such examination, which shall be
> based on the applicant's knowledge of and quali-
> fications for fire fighting and work in the Fire
> Department. . . . (Emphasis added).

We conclude, however, that article 1269m does not mandate that all the
activities of a fire department enumerated in section 2 be performed
by civil service positions.  Since 1957, the governing body of a city

by ordinance establishes any new civil service positions in the fire department.

### S U M M A R Y

The Firemen's and Policemen's Civil Service Act, article 1269m, V.T.C.S., does not require a city to create civil service positions for all the activities of a fire department that are enumerated in section 2 of that act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General