**CITY OF SAN ANTONIO et al., Appellants,**

**v.**

**Mrs. Cordie HAHN et al., Appellees.**

**No. 10264.**

Court of Civil Appeals of Texas. Austin.

Dec. 8, 1954.

Rehearing Denied Jan. 5, 1955.

Ralph W. Brite, former City Atty., Carlos C. Cadena, present City Atty., C. J. Matthews, Frank D. Masters, Asst. City Attys., San Antonio, for appellants.

Spears & LeLaurin, San Antonio, for appellees.

ARCHER, Chief Justice.

This is a consolidated trial of eight cases wherein employees of the Police Department, Mrs. Cordie Hahn and Mrs. George L. Kirkpatrick, switchboard operators; H. R. Stribling, a lineman; Clarence Carr and Amalio Solis, parking meter department; Mrs. Ruby Vollmer, clerk in the records department; Mary Hart Saunders, a clerk in records and identification bureau; and Robert A. Weyel, a mechanic in the city repair shops, seek to be classified as policemen and to receive the same rate of pay as patrolmen, including all increases in pay. The case was tried to the court upon stipulations. The appellants' contention is that the Legislature, in enacting Art. 1269m, Vernon's Ann.Civ.Tex.St., and Penal Code Art. 1583, Vernon's Ann.P.C. art. 1583, did not intend to place employees and active police officers on an equal status. These cases all involve a construction of the above two acts; such construction will determine all of these cases. The trial court sustained plaintiffs in all of their contentions, granting them not only the minimum pay of patrolmen but also giving them the benefit of every pay raise that has been given to patrolmen in the Police Department since plaintiffs have been employed and gave them judgment for the difference in pay that they have received and the pay that patrolmen have received.

The appeal is founded on fifteen assignments which are identical as to each of the appellees and read as follows with the exception of naming each appellee:

"The court erred in holding that Mary Hart Saunders is entitled to classification under the Police Civil Service Law, Art. 1269m, V.A.T.S."

"The court erred in holding that Mary Hart Saunders is entitled to the benefits of the Police Minimum Wage Law, Article 1583, P.C."

Point No. 17 is that the court erred in holding that the appellees are entitled to the benefit of all pay raises given to patrolmen.

The appellants say that the question is:

"Are all employees, as well as officers, entitled to full classification as patrolmen, the lowest classification of police officers, under Art. 1269m?"

and as a consequence of the first question is another:

"Are such employees entitled to all the benefits of Article 1583, P.C., including all pay raises granted to patrolmen by the City Council?"

Appellees contend that both questions should be answered in the affirmative.

Section 2 of Article 1269m reads in part:

"By the term 'Policeman' is meant any member of the Police Department who draws compensation for his services as a member of said Department."

The benefits as set out in Article 1583, V.A.P.C. of Texas, are as to required days of service, vacation, fixing days of duty and the days of vacation, hours of duty, additional compensation for overtime, minimum wage, etc.

Two of the appellees are switchboard operators, one is a lineman, one is employed in the records division, three in the records and identification division and one as a mechanic in the city repair shops.

The appellants do not complain, in particular, of the court's action in granting to each appellee a classification, and say that but for the giving of the appellees a judgment for recovery of the difference between salaries they had received and the salaries that patrolmen received during the same period, including all pay raises, no appeal would have been taken.

The court found that each plaintiff had been for more than six months prior to the final passage of the Firemen's and Policemen's Civil Service Act, Art. 1269m, applicable to the City of San Antonio, in

the actual service of said city as a member of the Police Department, each of whom draws and has drawn for such period of time compensation for his or her services as a member of said department, and, as such, each is entitled to enjoy the status of a civil service employee of the City of San Antonio, without having to take any competitive examination, and that regardless of the Commission's order of June 4, 1953, plaintiff Saunders would be entitled to judgment.

The defendants, and each of them, as city officials were required to reinstate the plaintiff in the Police Department and on the payroll thereof and to recognize that the plaintiffs are entitled to remain in the department and on the payroll thereof.

The defendants Firemen's and Policemen's Civil Service Commission, the members and the director thereof, were directed to correct their records to reflect that each plaintiff is a member of the Police Department and entitled to the status of a civil service employee, without having to take any competitive examination to qualify for his or her classification.

· The judgment classified each of the plaintiffs according to the type of work done as "Police Department," and that each plaintiff is entitled to the minimum salary as a member of the Police Department. They further fixed the amount due each of the plaintiffs in varying amounts.

The appellants say that if the court's judgment had gone no further than to grant each of the appellees a classification no appeal would have been taken, but that its action in awarding to each of the appellees a judgment for the difference between the salaries they had received and the salaries that patrolmen had received during the same period, including all pay raises, is the principal bone of contention in the case.

■ We believe that the court was correct in holding that the several plaintiffs (named in the judgment) are members of the San Antonio Police Department and en-

titled to the benefits of the Civil Service Act, and as such are entitled to the payment of the minimum salary and were entitled to judgment.

We believe that the appellees are members of the Police Department whether called an officer or employee as provided in Article 1269m, V.A.T.S. City of San Antonio v. Wiley, Tex.Civ.App., 252 S.W.2d 471, error ref., n. r. e., Hurley v. Sykes, 69 Cal.App. 310, 231 P. 748, in which it was held that a blacksmith helper was a member of the Fire Department of San Francisco, and cited many cases discussing the meaning and effect of the term "member."

Section 1 of Article 1583–2 of Vernon's Ann.Penal Code, provides that "each member of * * * Police Department shall receive and be paid" not less than $220 per month " * * * as a minimum wage" for services rendered.

■ Article 1269m is a comprehensive civil service law, and its intent is to cover everyone in a police department of any city adopting it. An election was had and the provisions of the Act was adopted by the city.

The city could have, before the law became effective, discharged or transferred any persons whom it felt should not be covered. However, since the appellees were permitted to remain and had been with the police department for six months or longer, they were automatically in, regardless of their duties with the police department, and the city could not thereafter interfere with the civil service rights of the individual employees who had continued on in their positions in the department.

The motion for summary judgment was supported by affidavits and there is no question as to the length of time the individuals had been employees of the city, all more than six months at the time of the adoption of the Act.

All of the plaintiffs performed duties for the Police Department. Mr. Carr had

been issued a gun and a badge; Solis was issued a badge and a gun; Weyel was an automobile mechanic, repairing police cars; Mrs. Hahn and Mrs. Kirkpatrick were switchboard operators in the police department; Stribling was a lineman assigned to the duty of maintaining fire alarm equipment and traffic signal equipment for the Fire and Police Departments.

There was a stipulation as to the minimum salary applicable to policemen in San Antonio, and the stipulation was used as the basis for the court's judgment with respect to each appellee in fixing the recovery.

The judgment of the trial court is affirmed.

Affirmed.