**CITY OF SAN ANTONIO et al., Appellants,**

v.

**Clarence J. CARR et al., Appellees.**

**No. 13523.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1959.

Rehearing Denied Dec. 16, 1959.

Carlos C. Cadena, Charles L. Smith, San Antonio, for appellants.

Adrian A. Spears, San Antonio, for appellees.

BARROW, Justice.

This is a suit by Clarence J. Carr and Mrs. George Kirkpatrick against the City of San Antonio and George W. Bichsel, Chief of Police, seeking a writ of mandamus requiring the Chief of Police to restore appellees, Carr and Kirkpatrick, to the qualifications and rank of patrolmen in the City of San Antonio Police Depart-

ment, and to pay them the same salary paid to patrolmen. Appellees further sought judgment against the city for back salary and for the difference in the amount they were actually paid by the city from August 22, 1957, and the salary drawn by patrolmen, together with all raises in pay for said rank and qualification from said date. The case was heard on motions for summary judgment by both appellants and appellees. The court granted appellees' motion and denied appellants'.

Clarence J. Carr and Mrs. George Kirkpatrick, appellees, are employed by the City of San Antonio, and have been performing services in and were paid by the Police Department of the City of San Antonio continuously for more than six months prior to the matters complained of in this suit, and as such employees are "policemen" under Article 1269m, Vernon's Ann.Tex.Stats.

On August 22, 1957, the City Council passed Ordinance No. 25438, which recognized only actual police officers as policemen, and attempted thereby to transfer all other employees, including appellees, out of the Police Department to other departments of the city. Insofar as appellees are concerned, this action amounted to no more than a bookkeeping transfer of the employees, inasmuch as each of the employees continued to perform the same services in the Police Department and at the same place as theretofore. However, their pay was reduced from the rate of pay as patrolmen, which they had been receiving, down to $230 per month. On March 19, 1958, after the Supreme Court had overruled appellants' motion for rehearing in City of San Antonio v. Handley, Tex.Civ.App., 308 S.W.2d 608, the city restored appellees in the San Antonio Police Department. Then on March 27, 1958, the City Council, for the first time, passed an ordinance classifying all the civilian personnel in the Police Department of the City of San Antonio. Prior to that time it is undisputed that the city had only classified its employees in the Police Department from patrolmen upward through the ranks, and it is undisputed that the rank of patrolmen was the lowest rank in the Police Department.

Appellees, Clarence J. Carr and Mrs. George Kirkpatrick, were parties, as plaintiffs and appellees, in the case of City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162, 163, writ refused n. r. e., by the Austin Court of Civil Appeals, which case we think determined the identical question which is again presented in this case. In the Hahn case the city contended, as it had continuously done in the numerous cases before the courts, that civilian employees were not policemen within the meaning of Article 1269m, supra. The precise question in the Hahn case being, should appellees be classified as patrolmen and receive pay as patrolmen, including all increases in pay? The trial court in that case answered the question in the affirmative.

In the Hahn case appellants pinpointed the question before the Court in this manner, "Are all employees, as well as officers, entitled to full compensation as patrolmen, the lowest classification as police officers, under Article 1269m?" and "are such employees entitled to all the benefits of Article 1583 P.C., including all pay raises granted to patrolmen by the City Council?"

Chief Justice Archer, in the Hahn case, after pointing out that while appellee Carr was a member of the Parking Meter Department, observed that he had been issued a gun and a badge. He also pointed out that appellee Mrs. Kirkpatrick was a switchboard operator in the Police Department. The Court of Civil Appeals in that case affirmed the judgment of the trial court in passing on the questions above described. The question here presented is, Did the judgment, opinion and mandate in the Hahn case effectively establish appellees in the rank, status and classification of patrolmen in the Police Department?

We think the question must be answered in the affirmative. As pointed out by Judge Pope in City of San Antonio v. Handley, Tex.Civ.App., 308 S.W.2d 608, 612, "Classifications may be by name or by salary. Sec. 14, subd. G, art. 1269m." Section 19 of Article 1269m, dealing with demotions from one rank to a lower rank, also places emphasis on the salary drawn as fixing the rank held by the employee, without regard to the particular duties to which the employee may be assigned. In that connection, Judge Pope in the Handley case said: "When the City failed to classify, the Act itself classified the other persons in the department, but it classified them in the positions they occupied *and at the salaries they drew,* but not otherwise." (Emphasis added.)

The city contends that in view of the holding in the Handley case, its action on March 27, 1958, fixed the classification of the appellee Carr as Clerk One, and appellee Kirkpatrick as switchboard operator, and that the city is authorized to fix the salary of these employees at the minimum provided in Art. 1583–2, Vernon's Ann.Penal Code. In the Handley case, Judge Pope clearly pointed out that the city had come into court without what appellants now denominate the "infamous" and "erroneous" stipulation, as had been the situation in the Hahn case, and for that reason alone the city was authorized to fix the rate of pay for the employees involved at the minimum salary provided by the Statute.

Judge Pope also expressly pointed out that in the Hahn case, which now governs the rights of these employees, the city stipulated that employees would draw the pay of patrolmen if the Court held that they were policemen under the Act.

The final question presented in this case is, Can the city demote these employees from the rank and status of patrolmen by the attempted classification ordinance of March 27, 1958? We think the obvious answer is that it cannot, for two reasons

First, the rank and status and classification having been fixed and established by a court of competent jurisdiction, long prior to the passage of that ordinance, the ordinance cannot have retroactive effect to overrule and alter that judgment. Second, it is not disputed that the city has authority under Sec. 19, Art. 1269m to demote employees. It is clear that there was no attempt to demote either of the appellees in the manner provided by said section.

The judgment of the trial court is affirmed.