Lillian A. WEYEL et al., Appellants,

v.

BOARD OF FIREMEN, POLICEMEN & FIRE ALARM OPERATORS' TRUSTEES OF SAN ANTONIO et al., Appellees.

No. 3572.

Court of Civil Appeals of Texas.

Eastland.

March 24, 1961.

Rehearing Denied April 14, 1961.

Adrian A. Spears, San Antonio, for appellants.

Harvey L. Hardy, San Antonio, for appellees.

WALTER, Justice.

Two cases were consolidated and both are involved in this appeal. Lillian A. Weyel, surviving widow of Robert A. Weyel, who was a member of the San Antonio Police Department during his lifetime, brought suit against the Board of Firemen, Policemen & Fire Alarm Operators' Trustees of San Antonio, hereinafter referred to as Board, for a pension under Article 6243f, Vernon's Ann.Civ.St. Clarence J. Carr and Mrs. George L. Kirkpatrick, members of the San Antonio Police Department, in their suit against the Board sought recognition as participants in the pension fund established pursuant to Article 6243f, V.A.C.S.

The court granted the Board's motion for judgment non obstante veredicto and Weyel, Carr and Kirkpatrick have appealed, contending the court erred (1) in granting the Board's motion for judgment non obstante veredicto, (2) in denying a pension to Mrs. Weyel and (3) in refusing to require the Board to recognize that Carr and Mrs. Kirkpatrick are entitled to participate in the pension fund.

Carr began working for the police department on June 15, 1947, and worked until July 31, 1951, in the parking meter department. Carr returned to the police department and worked in the criminal laboratory after the judgment in the case of City of San Antonio et al. v. Hahn et al., Tex.Civ.App., 274 S.W.2d 162, became final. Mrs. Kirkpatrick began working for the San Antonio police department as a switchboard operator in June of 1947 and was so employed at the time of trial. Robert A. Weyel started working with the San Antonio police department in 1942 as a mechanic. He died on June 10, 1957.

Prior to the present suit, Robert A. Weyel, Mrs. George L. Kirkpatrick and Clarence J. Carr and others filed suit against the City of San Antonio seeking to be classified as policemen and to receive the same rate of pay as patrolmen. Judgment awarding them such relief was affirmed in City of San Antonio et al. v. Hahn et al., Tex.Civ. App., 274 S.W.2d 162, (writ ref. n. r. e.). When the Hahn judgment became final,

Carr, Mrs. Kirkpatrick and Weyel requested the Board to enter their names upon the pension rolls as policemen. Carr paid the Board $1,149.75 to gain credit for prior service. Mrs. Kirkpatrick paid said Board $682.75 to gain credit for prior service. Mrs. Weyel tendered her check for $667.75 to gain credit for prior service for her husband. Mrs. Kirkpatrick, Carr and Weyel withdrew from the Texas Municipal Retirement System after they were permitted to pay up and gain credit for prior service with the San Antonio Police Department and at the time of trial were too old to be admitted into the Texas Municipal Retirement System.

In answer to special issues, the jury found: that the Board by its course of conduct between May 24, 1955, and June 7, 1957, led Robert A. Weyel reasonably to believe that he was a member of the Fire and Police Pension Fund; that Robert A. Weyel in good faith, relied upon the conduct of the Board in believing that he was a member of the fund; that Robert A. Weyel would not have withdrawn from the Texas Municipal Retirement System but for his belief that he was a member of the pension fund; that on or about May 24, 1955, A. G. Campa, as Secretary of the Pension Board, accepted Robert A. Weyel as a member of said fund; that the Board, subsequent to May 24, 1955, ratified the act of A. G. Campa in accepting Robert A. Weyel as a member of the fund; and that such ratification by the Pension Board came prior to February 28, 1957. Identical findings were made with respect to Clarence J. Carr and Mrs. George L. Kirkpatrick. In addition, the jury found that the letter of April 21, 1955, from Attorney Adrian A. Spears to the Pension Board was the first claim by appellants to the Board that Robert A. Weyel, Clarence J. Carr and Mrs. George L. Kirkpatrick were legally entitled to fire and police pension rights and status; and that the Fire and Police Pension Fund Board of Trustees ratified, by a majority vote or assent of its

members, the acceptance of Robert A. Weyel, Clarence J. Carr and Mrs. George L. Kirkpatrick as members of the fund.

The appellants contend that: the Pension Board had the legal authority to act when it accepted appellants into the pension fund; the Pension Board having acted within its legal authority in accepting appellants as members of the pension fund, and such action having become final, it is res judicata and cannot be reopened; and that since the Pension Board, when it accepted appellants as members of the pension fund, construed the legal authority under which it functioned; acted in a quasi-judicial capacity with full authority to so act; did not act arbitrarily, unreasonably, fraudulently or capriciously; and established vested rights in the persons admitted to membership, it was estopped to modify or nullify its prior action which had caused said members to relinquish valuable rights, and accept less advantageous positions. We cannot agree with appellants' contentions. We affirm the judgment.

■ The Board is a group of statutory trustees charged with the duty of managing said pension funds. Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees of San Antonio, Texas, Tex.Civ.App., 308 S.W.2d 904 (writ ref.). It is a trust under the Texas Trust Act, Section 2 of 7425d, V.A.C.S.

Our Supreme Court in the recent case of City of San Antonio et al. v. Carr et al., 338 S.W.2d 122, 126, held: "When closely analyzed, it will be found that there is but one legal holding made by the Court of Civil Appeals in City of San Antonio v. Hahn, 274 S.W.2d 162, 164, wr. ref., n. r. e., which is expressed in the following excerpt from the opinion, viz.: 'We believe that the (trial) court was correct in holding that the several plaintiffs (named in the judgment) (including Carr and Mrs. Kirkpatrick) are members of the San Antonio Police Department and entitled to the benefits of the Civil Service Act, and as

such are entitled to the payment of the minimum salary and were entitled to judgment.'"

■ It is true that after the judgment in the Hahn case became final appellants had civil service status as "statutory policemen" when in truth and in fact Carr was a clerk, Mrs. Kirkpatrick a switchboard operator and Mr. Weyel a mechanic in the police department. Our Supreme Court held in Firemen's & Policemen's Civil Service Commission v. Wells, 157. Tex. 644, 306 S.W.2d 895, 897, as follows: "It does not necessarily follow that one who has civil service status as a policeman or member of the Police Department under Article 1269m is entitled to participate in the Policemen's Pension Fund. Article 6243f is very restrictive in its application. It does not by its terms apply to every member of the Fire and Police Departments. Section 3 of the Article limits membership to the Pension Fund to 'each fully paid Fireman, Policeman, and Fire Alarm Operator.' Section 4 provides for deductions from wages of each 'Fireman, Policeman and Fire Alarm Operator' as contributions to the fund. Section 7, as noted above, limits membership to those 'duly appointed and enrolled in the Fire Department, Police Department, or Fire Alarm Operators' Department.' The intention of the Legislature to restrict membership in the Pension Fund is emphasized by the Emergency Clause, which states that there is an absolute necessity for the Act 'in order that Firemen and Policemen who are engaged in such a hazardous occupation be protected.' Construing the statute as a whole, it appears that the intention of the Legislature was to provide pensions not for all employees of the Fire and Police Department, but only for those engaged in the active duties of law enforcement or fire fighting, including Fire Alarm Operators. We cannot read into the language of that statute an intention to provide pensions for porters and other employees of the Police and Fire Departments, and thereby prefer them over simi-lar employees of other departments of the City." The 1951 amendment to Section 7 of said statute in part is as follows:

"Sec. 7(a) All persons duly appointed and enrolled in the Fire Department, the Police Department, or Fire Alarm Operators' Department of any city, * * * shall automatically become members of the Pension Fund of such cities, * * *."

The appellants did not allege nor contend that they had been duly appointed and enrolled in the police department of the City of San Antonio and the evidence conclusively established that they were not so appointed and enrolled, therefore, they are ineligible for membership in the pension fund. Appellants contend: "Insofar as police department employees who have been refused admission into the pension fund on the ground that they are not 'duly appointed and enrolled' members of the department, are concerned, the Wells case is 'square in point;' but Appellants, * * * and all others who had already been accepted by the Pension Board into the Fund, prior to the Wells case, and who have made contributions regularly thereto, while having in good faith irrevocably given up their membership in another retirement system, are not affected in any manner, shape or form by that case, because the question as to their eligibility to participate has already been determined in their favor by the agency having the power and authority to make that determination."

■ Unless an employee had been duly appointed and enrolled in the fire department, police department or fire alarm operators' department he is ineligible for membership in the pension fund. The trustees of the pension fund are without authority to recognize employees who do not meet the statutory requirements.

We have examined all of appellants' points and find no merit in them and they are overruled.

Judgment affirmed.