

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 26, 1963

Commissioner John H. Winters
State Department of Public Welfare
Austin, Texas

Opinion No. C-68

Re: Whether Policemen or other
Police Department employees
are covered by Federal Old
Age and Survivors Insurance.

Dear Commissioner Winters:

This office is in receipt of your letter of April 9, 1963, where you ask the following question:

Whether "other employees" of the Police Department who, under a court decision, were declared to have Civil Service status, and who, under a City Ordinance, were declared to have a classification as policewomen because of their Civil Service status, are subject to Social Security coverage under 42 USCA, Section 418, of the Federal Social Security Act, particularly in view of the specific exclusions of "policemen and firemen" contained in Section 418(d)(5)A of the Act.

## Statement of Facts

The State Department of Public Welfare is authorized, under the provisions of House Bill No. 603, Chapter 500, page 1480, General and Special Laws of the State of Texas, 52nd Legislature, Regular Session, 1951, as amended, to contract with the incorporated cities in Texas for the extension of Federal Old Age and Survivors Insurance coverage, subject to limitations of Section 418 of the Federal Social Security Act.

Section 418 of the Federal Act provides that Old Age and Survivors Insurance coverage can be extended to the employees of political subdivisions. The Act provides, further,

-331-

that in the event coverage is extended to employees already covered by a retirement system, the eligible employees must first vote favoring OASI coverage in a referendum supervised by the Governor or his representative. Section 418(d)(5)A of the Federal Social Security Act places a further specific exclusion relating to policemen and firemen. Therefore, policemen and firemen whose positions are subject to coverage by a retirement system are not eligible to vote in the referendum, nor may Social Security coverage be extended to them.

The City of Wichita Falls entered into an agreement for the extension of OASI coverage, effective as of January 1, 1957. The State-Federal agreement effectuating this agreement was signed on February 8, 1957. At that time the City employees, including policemen and other employees of the police department, were covered by the Texas Municipal Retirement System. Although policemen were excluded from participating under the Social Security agreement, other employees of the Police Department, as well as employees of other city departments, were included for Social Security participation since the city did not classify them as policemen. A suit filed in the 30th District Court of Wichita County, styled Kathleen Cox v. City of Wichita Falls, 300 S.W.2d 317 (Tex.Civ. App. 1957, error ref. n.r.e.), held that certain female employees of the City Police Department were entitled to enjoy the status of Civil Service employees. Further, that they were "members" of the Police Department within the statute establishing minimum compensation for the members thereof.

On March 13, 1961, the Board of Aldermen of the City of Wichita Falls enacted Ordinance No. 1944 providing for the classification of all policemen under Civil Service. Also, that female employees of the City of Wichita Falls Police Department who have Civil Service status shall have the classification of Policewomen and shall be ineligible to hold any other classification within the Police Department.

The Federal Social Security Administration has received a formal request from one of the women employees for a determination as to her correct Social Security earnings record with the City of Wichita Falls.

The following statutes and ordinances are pertinent to the question you have asked:

42 USCA, Section 418(d)(5)A of the Federal Social Security Act, in part:

"Nothing in . . . this subsection shall authorize the extension of the insurance system established by this title to service in any policeman's or fireman's position."

Ordinance No. 1944, City of Wichita Falls, March 13, 1961, in part:

"Section 2. All female employees of the City of Wichita Falls Police Department who have Civil Service status shall have the classification of Policewoman and shall be ineligible to hold any other classification with the Police Department in said city."

Since the female employees of the Police Department of Wichita Falls are "policewomen" as set out under the provisions of Section 418(d)(5)A of the Federal Act, and as they are already covered by a retirement system, they would be excluded from receiving benefits from Old Age Survivors Insurance coverage under Section 418 of the Federal Act. The purpose of this exclusion would be to prevent duplication of coverage from both acts.

In the case of City of San Antonio v. Mrs. Cordie Hahn, 274 S.W.2d 162, the Court held that switchboard operators, linemen, clerks, and mechanics employed by the Police Department of San Antonio were members thereof, and entitled to benefits of the Firemens and Policemens Civil Service Act.

The City of Wichita Falls by Ordinance No. 1944, classified all female employees of the Police Department as "policewomen." These female employees are entitled to all benefits received by employees of the Police Department. Female employees of Wichita Falls Police Department have Civil Service status.

Therefore, this office is of the opinion that both through judicial decree and by statutes the women employees of the Wichita Falls Police Department are "policewomen" as described in the exclusion of Section 418(d)(5)A, and are not entitled to Social Security coverage under Section 418 of the Federal Social Security Act.

## SUMMARY

The female employees of the Wichita Falls Police Department who have Civil Service status and are declared to have the classification of policewomen by city ordinance are not subject to Social Security coverage under Section 418 of the Federal Social Security Act in view of the exclusion of policemen in Section 418(d)(5)A of the same Act.

Yours very truly,

WAGGONER CARR
Attorney General

By Bill Morse, Jr.

Bill Morse, Jr.
Assistant

BM:wb:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jack Norwood
Edward R. Moffett
Nicholas A. Irsfeld
Howard Fender
APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone