

# The Attorney General of Texas

January 28, 1982

This Opinion
Affirms Opinion

O -4859

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Presnal
Chairman
Committee on Appropriations
House of Representatives
Austin, Texas    78769

Opinion No. MW-434

Re:  Minimum salaries of fire-
men    under    article    1269q,
V.T.C.S.

Dear Representative Presnal:

You have sought our opinion with respect to the following question:  Is a probationary firemen's trainee "a member of the fire department" within the meaning of article 1269q, V.T.C.S., so as to be entitled to minimum compensation as established under the statute?

Article 1269q provides that certain qualifying cities may submit a referendum to its voters establishing minimum rates of compensation for its firemen and policemen.  Pursuant to this statute the voters of the city of Victoria approved a minimum salary of $1,050.00 per month for firemen.

Subsequent to the election, the city established a training and probationary program whereby a new employee in its fire department is required to finish a course of instruction at the city's firefighting academy in addition to completing one year of service with the department before the employee is paid the minimum salary established by the voters.  The issue presented is whether the city can withhold the minimum salary from an employee because he is a probationary non-certified fireman within the meaning of article 1269m, V.T.C.S., the Firemen's and Policemen's Civil Service Act.

Article 1269q, establishing minimum rates of pay, makes no reference to an employee's status as determined by article 1269m, but simply provides that the minimum salary as approved by the voters shall be paid to "each member of the fire department."  The operative language "each member of the fire department" finds no further elaboration in the statute and has never been construed authoritatively by Texas courts.

However, in Attorney General Opinion 0-4859 (1942) it was determined that "rookie policemen" and "jail matrons" were "members of" the police department within the meaning of article 1583 of the former Texas Penal Code, the predecessor to article 1269q.  The

opinion relied on a number of decisions from other jurisdictions that had construed the words "member of the department" in similar statutes to include all employees whether or not commissioned law enforcement officers.

Also, in City of Wichita Falls v. Cox, 300 S.W.2d 317 (Tex. Civ. App. - Fort Worth 1957), the Court of Civil Appeals ruled that non-commissioned employees of a police department were "members of a police department" within the meaning of article 1269m and thus entitled to civil service protection under the statute. Subsequent to this opinion the legislature amended article 1269m to restrict its coverage to commissioned peace officers and firefighters and exclude all other department employees from civil service protection. See City of San Antonio v. Carr, 338 S.W.2d 122 (Tex. 1960). It is of some significance that the legislature did not, however, choose to amend former article 1583 of the Texas Penal Code [present article 1269q]. It left intact the nearly identical language, "each member," and one can reasonably infer therefrom that the legislature intended the minimum wage to cover all departmental employees while restricting civil service protection to firemen and policemen.

## S U M M A R Y

Given the plain meaning of the words "each member" and the legislature's conduct in this matter, we reaffirm the opinion of this office on O-4859 (1942) and hold that, when a minimum wage is adopted pursuant to article 1269q, it must be applied to all employees of a police or fire department. Thus, in the instant case, it would be a violation of article 1269q not to pay probationary employees of the Victoria Fire Department the minimum amount set by the voters in the most recent referendum.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by William O. Goodman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
William O. Goodman
Jim Moellinger