

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 17, 2003

The Honorable Peggy Hamric
Chair, Committee on House Administration
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0041

Re: Whether chapter 143 of the Local Government Code, which provides civil service protection for certain municipal employees, applies to certain fire department employees (RQ-0604-JC)

Dear Representative Hamric:

On behalf of the City of Plano ("the City"), which has adopted a civil service system under chapter 143 of the Local Government Code, your predecessor asked whether chapter 143 "requires that all employees performing fire safety education, fire medical emergency technology, fire communications[,] or fire arson investigation duties be civil service employees."[1] *See* TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003).

## I.     The Facts

In 1972 the City adopted a civil service system for City fire fighters and police officers under Local Government Code chapter 143's statutory predecessor. *See* Request Letter, *supra* note 1, at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 143.004(a) (Vernon 1999) (authorizing municipality to hold election to adopt chapter 143). Nevertheless, the City indicates that it "has employed auxiliary personnel to provide certain program functions in the area of [emergency medical services], fire safety education, and fire prevention as non-civil service personnel." Request Letter, *supra* note 1, at 2. The City explains that it hired "civilians" to fill these positions "to secure the best-qualified candidate" for each position "based on prerequisite skills, knowledge and abilities unique to these positions." *Id.*; *see Lee v. City of Houston*, 807 S.W.2d 290, 291 (Tex. 1991) (using term "civilianize" to describe hiring nonclassified officers to Houston Police Department).

Aside from a vacant fire and arson investigator position, the City suggests that the positions about which it asks are not vacant. *See* Request Letter, *supra* note 1, at 2-3. All of the nonvacant

---

[1]*See* Brief accompanying Letter from Honorable Tony Goolsby, Chair, Committee on House Administration, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General, at 6-7 (Sept. 4, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

positions "have not been appointed in substantial compliance with" chapter 143. *Id.* at 3. With respect to the vacant fire and arson investigator position, the City states that it was "formerly occupied by a non-civil service employee." *Id.* at 2. The City would like to fill the vacancy "with another non-civil service employee," but representatives of the Plano Fire Fighters Association have requested the City to fill the position in accordance with chapter 143. *Id.* The City does not believe that any of the positions are "entitled to" civil service status under chapter 143. *Id.* at 2-3.

## II.    The Law

Chapter 143 of the Local Government Code authorizes a municipality with certain characteristics to adopt a civil service system for fire fighters and police officers. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.002, 143.004(a) (Vernon 1999). Section 143.003 defines the term "fire fighter":

> "Fire fighter" means a member of a fire department who was appointed in substantial compliance with this chapter or who is entitled to civil service status under Section 143.005 or 143.084. The term includes employees who perform:
>
> (A) fire suppression;
>
> (B) fire prevention;
>
> (C) fire training;
>
> (D) fire safety education;
>
> (E) fire maintenance;
>
> (F) fire communications;
>
> (G) fire medical emergency technology;
>
> (H) fire photography;
>
> (I) fire administration; or
>
> (J) fire arson investigation.

*Id.* § 143.003(4) (Vernon Supp. 2003); *cf. Lee*, 807 S.W.2d at 292 (noting circularity of chapter 143's analogous definition of "police officer"). A fire fighter in a municipality that has adopted a civil service system "has civil service protection." TEX. LOC. GOV'T CODE ANN. § 143.021(b) (Vernon 1999).

A municipality with a civil service system must comply with several requirements with respect to its employees who have civil service protection. For example, a municipality may fill a beginning fire fighter's position only "from an eligibility list that results from" a competitive examination. *Id.* § 143.021(c); *see also id.* §§ 143.023 ("Eligibility for Beginning Position"), 143.025 (Vernon Supp. 2003) ("Entrance Examinations"), 143.026 (Vernon 1999) ("Procedure for Filling Beginning Positions"). Likewise, a municipality may fill a vacant higher level fire fighter position only from an eligibility list based upon the listed fire fighters' seniority and performance on a promotion examination. *See id.* §§ 143.028-.029, 143.036 (Vernon 1999). Also, a municipality must pay a fire fighter in accordance with chapter 143, subchapter C, which provides for compensation, *see id.* §§ 143.041-.047, and may discipline, remove, or suspend a fire fighter only in accordance with chapter 143, subchapter D, *see id.* §§ 143.051-.057 (Vernon 1999 & Supp. 2003).

A municipality's governing body must classify all fire fighters, who are entitled to civil service status, "by ordinance." *Id.* § 143.021(a) (Vernon 1999). A municipality's failure to classify a particular position "does not result in the loss of civil service benefits by a person entitled to civil service protection or appointed to the position in substantial compliance with this chapter." *Id.* § 143.021(b).

## III. The City's First Question

The City asks first whether the legislature intended, when it amended the definition of "fire fighter" in 2001, to regulate all municipal fire department employees subject to section 143.003(4) or only fire fighters. *See* Request Letter, *supra* note 1, at 6. Prior to 2001, section 143.003(4) defined the term "fire fighter" to expressly include a fire fighter (not an "employee") who performs any of certain tasks, the list of which included all those currently listed in subsections (A) through (I). *See* TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon 1999), *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 498, § 1, 2001 Tex. Gen. Laws 949, 949. The City argues that the 2001 amendments do not affect a person serving as a fire fighter unless the city has "voluntarily classified such position and the person has taken a competitive examin[ation] in accordance with" chapter 143, or "the City was initially adopting civil service." Request Letter, *supra* note 1, at 3.

While the City correctly suggests that the 2001 amendments to the definition of the term "fire fighter" changed little aside from expressly including fire arson investigators within the ambit of the civil service system, the City incorrectly assumes that, before 2001, the definition did not encompass various members of a fire department, without regard to whether the member actively "fought fires" in a narrow sense. *See id.* Even before the 2001 amendments, section 143.004 defined the term "fire fighter" in its first sentence to mean "a *member* of a fire department." TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003) (emphasis added), *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 498, § 1, 2001 Tex. Gen. Laws 949, 949. The term "member" encompasses positions other than those that engage solely in fire fighting, as it is commonly understood. *See City of Wichita Falls v. Cox*, 300 S.W.2d 317, 321 (Tex. Civ. App.–Fort Worth 1957, writ ref'd n.r.e.) (stating that municipal police department's "members" included all "whose services, though diversified, were for the sole purpose of accomplishing a distinct governmental function" and who were paid); *City of San Antonio v. Hahn*, 274 S.W.2d 162, 164 (Tex. Civ. App.–Austin 1955, writ ref'd n.r.e.)

(including switchboard operators, lineman, clerks, and mechanics within "members" of police department for purpose of civil services act); *see also Firemen's & Policemen's Civil Serv. Comm'n v. Wells*, 306 S.W.2d 895, 897 (Tex. 1957) (stating that, by refusing to grant writ on *Cox*, *Hahn*, and analogous cases defining member of civil service system, court approved holdings). And, just as it did before 2001, the definition's second sentence lists various tasks, the performers of which are "include[d]" within the fire fighter rubric. TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003). The term "includes" is a term of enlargement, not one indicating an exclusive enumeration. TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998). Thus, even before the 2001 amendments became effective, section 143.003(4) defined the term "fire fighter" to include a fire department member who was not a fire fighter in a narrow sense of the phrase.

Our conclusion comports with Texas judicial opinions, which interpret the definition of a fire fighter, for purposes of chapter 143, to encompass not only those positions expressly listed in the statutory definition of the term "fire fighter," but any member of a fire department whose position requires "substantial knowledge of '[fire fighting] and work in the [fire] department.'" *Lee*, 807 S.W.2d at 294 (determining whether certain positions within police department were entitled to civil service protection) (quoting TEX. LOC. GOV'T CODE ANN. § 143.025(b) (Vernon Supp. 2003)); *Int'l Ass'n of Firefighters Local 624 v. City of San Antonio*, 822 S.W.2d 122, 129 (Tex. App.–San Antonio 1991, writ denied) (applying *Lee*'s "logic, reasoning, and holding" to position in fire department); Tex. Att'y Gen. LO-98-012, at 2-3 & 3 n.6 (applying *Lee* and *Int'l Ass'n of Firefighters Local 624*); *see also* TEX. LOC. GOV'T CODE ANN. § 143.025(b) (Vernon 1999) (requiring entrance examination based upon examinee's "knowledge of and qualifications for fire fighting and work in the fire department").

The City's contention that the 2001 amendments do not apply to it but apply only "to a city that adopts civil service after September 1, 2002" is also incorrect. Request Letter, *supra* note 1, at 5. The 2001 amendments to the definition of the term "fire fighter" apply not only to a municipality that is initially adopting chapter 143, but to any municipality that adopted a civil service system at any time before 2001. When a municipality adopts a civil service system under chapter 143, the municipality is governed by the civil service statute "as it existed when" the municipality adopted the system "and as it is amended by the Legislature from time to time." *Wilson v. Andrews*, 10 S.W.3d 663, 668 (Tex. 1999).

Consequently, in accordance with section 143.003(4)'s plain language, we conclude that the civil service statute applies to each fire department *member* whose position requires substantial knowledge of fire fighting and work in the fire department. *See Lee*, 807 S.W.2d at 294; *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002) (stating that court ascertains legislature's intent from actual language if unambiguous); TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (setting out statutory construction aids). In addition, the legislature has listed several positions, in subsections (A) through (J), that require substantial knowledge of fire fighting and work in the fire department as a matter of law. *See Lee*, 807 S.W.2d at 294; TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003). Whether or not a particular fire department member satisfies a municipality's definition of fire fighter is immaterial if that member holds a position that requires substantial knowledge of fire fighting and work in the fire department or the member holds one of the positions listed in (A)

through (J). *See Lee*, 807 S.W.2d at 294. The municipality must classify such a position under section 143.021(a) of the Local Government Code, but if the municipality has failed to do so, the position holder still has civil service benefits. *See* TEX. LOC. GOV'T CODE ANN. § 143.021 (Vernon 1999). Nonetheless, a position that is not within the fire department is not entitled to civil service protection under chapter 143. *See id.* § 143.003(4) (Vernon Supp. 2003). Section 143.003(4) defines the term "fire fighter" to mean only a fire department "member." *See id.*

The communications personnel about whom Representative Goolsby asked are not entitled to civil service protection because they are not members of the fire department. *See id.* § 143.004(4). According to his letter, the communications personnel comprise a department separate and independent of the fire department, and its director reports to an assistant city manager. *See* Request Letter, *supra* note 1, at 2-3. Section 143.003(4)(f) defines the term "fire fighter" to include employees of a fire department who perform fire communications work. *See* TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003). But, under the fact situation presented, the communications personnel do not work for the fire department. *See* Request Letter, *supra* note 1, at 2-3.

On the other hand, positions that are within the fire department are subject to chapter 143 if the positions either are among those included within section 143.003(4)(A)-(J) or require substantial knowledge of fire fighting and work in the fire department. At least two of the positions about which the City asks—the fire and arson investigator and safety education coordinators—are within the fire department. *See id.* We next consider whether these two positions are members of the fire department for purposes of section 143.003(4).

We conclude that the fire arson investigator position is a member of the fire department and has civil service protection. A fire department employee who performs "fire arson investigation" is expressly included within the definition of a fire fighter who is entitled to civil service protection. TEX. LOC. GOV'T CODE ANN. § 143.003(4)(J) (Vernon Supp. 2003). Given this express directive, we need not consider whether a particular fire arson investigator position must have substantial knowledge of fire fighting and work in the fire department. *See Lee*, 807 S.W.2d at 294; *Int'l Ass'n of Firefighters Local 624*, 822 S.W.2d at 129. The fact that the City has not, to this point, appointed personnel to this position in substantial compliance with chapter 143 nor considered them entitled to civil service status under section 143.005 or 143.084 is immaterial. "A city may not avoid placing fire fighters within the civil service system by not" appointing them in substantial compliance with chapter 143. Tex. Att'y Gen. LO-98-012, at 2; *see City of Wichita Falls v. Harris*, 532 S.W.2d 653, 658 (Tex. Civ. App.–Fort Worth 1976, writ ref'd n.r.e.) (finding person holding "fire training specialist" position was fire fighter although municipality had classified position as noncivil).

We cannot determine whether a fire department employee who coordinates safety education is entitled to civil service protection, however, because it is a question of fact. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that opinion process does not determine facts). First, section 143.003(4)(D) includes within the definition of fire fighter an employee who performs "fire safety education," but the statute does not define the phrase "fire safety education." TEX. LOC. GOV'T CODE ANN. § 143.003(4)(D) (Vernon Supp. 2003). Nor does the City fully describe the breadth of

a safety education coordinator's job duties. *See* Request Letter, *supra* note 1, at 3. If a safety education coordinator position with the City's fire department is actually a fire safety education position, or if the position otherwise requires substantial knowledge of fire fighting and work in the fire department, it is a civil service position. *See Lee*, 807 S.W.2d at 294; *Int'l Ass'n of Firefighters Local 624*, 822 S.W.2d at 129; Tex. Att'y Gen. LO-98-012, at 2-3 & 3 n.6 (applying *Lee* and *Int'l Ass'n of Firefighters Local 624*); *see also* TEX. LOC. GOV'T CODE ANN. § 143.025(b) (Vernon 1999).

The City does not tell us whether the remaining position, that of emergency medical services coordinator, is a member of the fire department. *See* Request Letter, *supra* note 1, at 3. If the position is not within the fire department, of course, it cannot be entitled to civil service protections under section 143.003(4)'s express terms. *See* TEX. LOC. GOV'T CODE ANN. § 143.003(4) (Vernon Supp. 2003). If, however, the City's emergency medical services coordinator is a fire department member, the coordinator holds a civil service position if he or she performs fire medical emergency technology or if the position otherwise requires substantial knowledge of fire fighting and work in the department. Section 143.003(4)(G) includes within the definition of the term "fire fighter" an employee who performs "fire medical emergency technology." *Id.* § 143.003(4)(G). The statute does not define the phrase "fire medical emergency technology," *see Sosa v. City of Corpus Christi*, 739 S.W.2d 397, 401 (Tex. App.–Corpus Christi 1987, no writ), nor has the City provided a job description for the emergency medical services coordinator position. Whether the emergency medical services coordinator position performs fire medical emergency technology, as listed in section 143.003(4)(G), or whether the position otherwise requires substantial knowledge of fire fighting and work in the fire department are questions of fact that cannot be ascertained in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that opinion process does not determine facts).

## IV.    The City's Second Question

Given that every fire department member who performs the duties listed in section 143.003(4) is within the ambit of the civil service statute, we consider the City's second question: whether an incumbent civilian who currently occupies a civil service position is "'grandfathered'" and may retain the position. Request Letter, *supra* note 1, at 6. By the term "civilian," we understand the City to mean that it did not appoint the position holder in substantial compliance with chapter 143's requirements.

A fire department employee who has held a position that is entitled to civil service protection for at least six months before the municipality adopted its civil service system is grandfathered and may retain his or her position without taking a competitive examination. By its express terms, chapter 143 permits only those persons who held a position for six months prior to the time the municipality adopted a civil service system to retain their positions without complying with the civil service requirements:

> Each fire fighter . . . serving in a municipality that adopts this chapter and who has been in the service of the municipality for more than six months at the time this chapter is adopted and who is entitled to civil service classification has the status

of a civil service employee and is not required to take a competitive examination to remain in the position the person occupies at the time of the adoption.

TEX. LOC. GOV'T CODE ANN. § 143.005 (Vernon 1999). Other employees are not grandfathered and may not retain their positions without fulfilling chapter 143's requirements. We have not been provided with any facts that would permit us to draw any conclusions regarding specific position holders. *See generally* Request Letter, *supra* note 1.

## V.    The City's Third and Fourth Questions

We consider the City's third and fourth questions together. The City asks third whether it may continue to employ an incumbent in a civil service position until section 143.003 "is amended to provide a mechanism for converting existing positions to civil service status." *Id.* at 6. The City asks fourth whether it must remove incumbent employees whom the City appointed without substantially complying with chapter 143 (assuming that they are not grandfathered under section 143.005). *Id.* We will not speculate on whether the legislature will amend chapter 143 as the City suggests in its third question.

Moreover, chapter 143 implicitly suggests that an employee in a civil service position who was not appointed in substantial compliance with chapter 143 may not be retained. *See* TEX. LOC. GOV'T CODE ANN. § 143.005 (Vernon 1999) (grandfathering certain employees when municipality first adopts chapter 143). Section 143.005 provides only one circumstance in which a person, not employed in substantial compliance with chapter 143, may be retained in a civil service position. *See id.* Assuming that the circumstance described in section 143.005 is not present, a municipality has no authority to retain the employee. Finally, although we find only one judicial opinion that deals with an issue like this, it suggests that the employment of an individual in a civil service position in contravention of chapter 143's requirements may be ineffective. *See City of Beaumont v. Spivey*, 1 S.W.3d 385, 391 (Tex. App.–Beaumont 1999, pet. denied).

## S U M M A R Y

In accordance with Local Government Code section 143.003(4), a fire department member whose position requires substantial knowledge of fire fighting and work in the fire department is entitled to civil service protection in a municipality that has adopted a civil service system. In addition, a position that is among those included within section 143.003(4)(A)-(J) is a fire fighter entitled to civil service protection as a matter of law. Whether a particular fire department member satisfies a municipality's definition of fire fighter is immaterial if that member holds a position that requires substantial knowledge of fire fighting and work in the fire department or the member holds one of the positions listed in (A) through (J).

A person who is not a fire department member is not entitled to civil service protection under chapter 143 of the Local Government Code. Thus, a city's communications personnel, who comprise a department separate from, and independent of, the city's fire department, are not members of the fire department and are not entitled to civil service status under chapter 143.

Under chapter 143, only a fire department member who has held a position that is entitled to civil service protection for at least six months before the municipality adopted its civil service system may retain the position without complying with civil service requirements. In other circumstances, an employee whom a municipality has employed as a fire department member without substantially complying with civil service requirements may not retain his or her position.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee